[Civ. No. 5198.   Fourth Dist.   Aug. 28, 1956.]

MELVIN L. RIGGINS, Appellant, v. BOARD OF EDUCATION OF THE SAN DIEGO UNIFIED SCHOOL DISTRICT, Respondent.

William Murray Hill and Wayne V. Hoy for Appellant.

James Don Keller, District Attorney and County Counsel, and Manuel L. Kugler, Deputy, for Respondent.

MUSSELL, J.—This is a mandamus proceeding in which petitioner secured an order of the superior court for the issuance of an alternative writ of mandamus directed to the Board of Education of the San Diego Unified School District commanding it to stay the operation of its order dismissing petitioner from his position as a probationary certificated employee, to wit, a teacher in the district, and commanding it to appear before the court and show cause why a peremptory writ of mandamus should not be issued. The matter came on for trial on July 6, 1955, and the court, on July.22, 1955, rendered judgment that the alternative writ be dismissed; that petitioner's prayer for a peremptory writ of mandate be denied and .that the school district be given judgment, together with its costs. Petitioner appeals from this judgment.

On or about March 29, 1955, written charges in the form of an accusation against appellant, a probationary certificated public school teacher in the San Diego Unified School District, teaching at Horace Mann Junior High School, were filed with the board of education of said district charging that there existed cause for the dismissal of appellant as a probationary employee of said district. The accusation contains a request that appellant be dismissed from his position in said district "for the cause of physical disability under section 13583 of the Education Code, which cause relates solely to the welfare

of the schools and the pupils thereof.'' The accusation also contains the following recitals:

"This cause for dismissal of said employee exists by reason of the following:

"A. He has been shown by the Board of Medical Examiners of the San Diego Unified School District to be the victim of a disease known as sarcoidosis.

"B. There is a likelihood that this disease may be incapacitating to the extent that the welfare of the District will be jeopardized.

"C. The illness, sarcoidosis, which afflicts Melvin L. Riggins is likely to result in prolonged absence at a future date which would affect the welfare of the District and the pupils thereof.

"D. To continue in employment and grant permanency to one Melvin L. Riggins, known to be suffering from the disease named above would conceivably affect the sick leave program of the District were it necessary for him to be hospitalized or absent from his duties because of the known illness.

"E. The welfare of the pupils is adversely affected by prolonged absence of their regular classroom teacher, Melvin L. Riggins, in the event that he is hospitalized or finds it necessary to absent himself from his duties for unreasonably long periods of time because of this illness.

"F. Curative measures and therapy which Melvin L. Riggins has undergone have not at this time resulted in sufficient cure to warrant his being recommended for permanency and a life contract in this District.

"G. It is the responsibility of the Administration of the School District to ascertain in accordance with the rules and regulations specifically: Administrative Code Section 1021 regarding health of probationary employees prior to their being recommended for permanency.

"H. The School District finds it necessary to accept the medical recommendations of the Board of Medical Examiners as regards the health of third-year probationary certificated employees, towit: Melvin L. Riggins.''

On April 29, 1955, a hearing was had on the accusation before a hearing officer of the State Division of Administrative Procedure and evidence, both oral and documentary, was presented and received. The hearing officer found, in brief, that the Board of Medical Examiners examined the appellant as provided in section 1021 of the Administrative Code of the district; that as a result of said examination, the medical board determined that appellant was a victim of a disease

known as sarcoidosis and recommended against the permanent employment of said respondent. It was further found:

"That it was found by said Medical Board and it is likewise found herein that said disease in the case of respondent is likely to cause disability in the definite future for periods of both long and short duration, which periods of disability would prevent respondent from performing his duties as an employee of said District and would result in his absence from work during said periods of disability. It is further found that it is reasonably probable that said disease would cause said absences on the part of respondent. That the nature of said disease is such that it increases the probability of morbidity and mortality of persons afflicted with said disease in a very substantial percentage of cases above normal.

"That both the welfare of the School District and of the pupils therein would be affected by the employment of a teacher suffering from a disease with said increased rates of morbidity and mortality and the resulting absences therefrom.

"Pursuant to the foregoing findings of fact, the hearing officer makes the following determination of issues:

"That the cause for dismissal of the respondent as a probationary employee as set forth in the accusation herein and as herein found to be true are valid and subsisting reasons and relate solely to the welfare of said School District and the pupils thereof."

On May 3, 1955, the board of education filed its decision and order adopting the findings and proposed decision of the hearing officer that appellant be dismissed from his position in said school district at the close of the business of the current school year.

Appellant argues that the findings of the hearing officer and the board of education are not supported by the evidence. We are not in accord with this contention. It was stipulated at the hearing that appellant had had the disease known as "sarcoidosis" and it was agreed that the medical report and diagnosis made by Dr. Ball, who was retained by appellant's physician, could be received in evidence. This report is a diagnosis made by Dr. Ball, dated October 19, 1954, in which he set forth his findings on the basis of a tissue from appellant, in which the diagnosis was "sarcoidosis inguinal lymph nodes."

Dr. Newman, a member of the medical advisory board of the district, testified that appellant "was examined and found to have a scar, known to have a recent operation, and it was

requested that he have a report from his physician as to the nature of the condition which required the operation, what the results were, and when they were received; that it was found that "he had a diagnosis of sarcoidosis and it was considered that his prognosis then was not up close enough to normal to insure his normal of expectancy of teaching life and health"; that the medical board recommended that appellant be not accepted and this recommendation was based upon "the fact that sarcoidosis is a disease of which little is known of how or why it happens"; that the patients who have it are inclined to have recurrences, even after the disease is apparently cured; that they can have recurrences up to a good many years later; that it has an increased mortality and an increased morbidity of a very definite figure; that the disease would affect a person's ability to teach in that he might from time to time have periods of disability of short or considerable length; that "he might be totally disabled by reason of the injury to a number of organs. It is found to affect the eyesight, some becoming blind. It can attack the lungs, most commonly the lungs are affected, giving rise to a disease that is very much like tuberculosis. It can cause him to be away from work for some period of time, if not to be completely disabled"; that sarcoidosis is a disease which attacks any age or commonly the young adult and is characterized by the formation of granulomitous lesions which may affect many organs of the body, including the skin, the lymph nodes, the lungs, the liver, the eyes, the heart, and it is quoted as having affected the stomach"; that as a member of the board, he took part in a complete examination of appellant, including the laboratory tests that are commonly used in such an examination; that appellant's life expectancy is definitely less than normal and that his expectancy as to periods of disability is greater and that he has more likelihood of being disabled at intervals than the normal individual. In this connection it may be noted that it was stipulated at the hearing before the hearing officer that a prolonged illness of a teacher would adversely affect the welfare of both the pupils and the district.

The weight of the evidence at the hearing substantially supports the findings of the hearing officer and the respondent that a cause for dismissal of appellant existed and that the cause found to exist relates solely to the welfare of the schools of the district and the pupils thereof.

The rule is well settled that in a review of the decision of the superior court upholding the determination of a local

administrative agency "the power of the appellate court begins and ends with the inquiry whether there is any substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusion reached by the superior court." (*Savage* v. *Sox,* 118 Cal.App.2d 479, 484 [258 P.2d 80].)

Section 13583 of the Education Code provides as follows:

"Anything in Section 13582 to the contrary notwithstanding, governing boards of school districts having an average daily attendance of 60,000 or more pupils shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof."

Appellant concedes "that the substantial evidence" rule (Code Civ. Proc., § 1094.5, subd. (c)), applies herein and that he must show that there is no substantial evidence in the record in order to show an abuse of discretion on the part of the school district. He further concedes that the school district may select any basis for dismissal of a probationary employee with the limitation that the cause shall relate solely to the welfare of the schools and the pupils thereof; that the board does not have to prove that the cause is sufficient, but having determined that the cause for dismissal exists, the board must prove that it relates to the welfare of the schools and the pupils.

There is substantial evidence in the record that appellant has a disease which, due to its nature, probably will result in his being absent from his duties more often than the normal teacher, in the event that he becomes a permanent employee of the district and receives tenure. This and other evidence sufficiently supports the finding and conclusion of the board that the cause conclusively found to exist relates solely to the welfare of the schools and the pupils thereof. ██ The circumstance that appellant's condition may not have a present effect on the schools and pupils does not prevent the board from determining that his future condition may relate to and affect the district and its pupils.

Appellant argues that the medical board of the school district did not proceed in the manner required by law, because appellant was not given a thorough physical examination as provided in section 1021 of the Administrative Code adopted by the district, which section provides, *inter alia,* that "At the end of the third year, the abilities and possibilities of each

probationary employee will be subjected to a rigid study which will include (a) a thorough physical examination by the local board of medical examiners.'' This argument is likewise without merit for the testimony of Dr. Newman was that appellant was given a complete physical examination by himself and the medical advisory board, including laboratory tests; that he examined appellant's head, eyes, nose, mouth, ears, neck, heart, lungs and also examined him for lymph nodes in certain areas and that the board had before it, in addition to the results of its own examinations, a report from appellant's physician which stated that appellant had been diagnosed as having sarcoidosis.

Appellant also contends that the findings of the court, are inconsistent. However, examination of the record leads us to conclude that the findings sufficiently cover the material issues involved and are not inconsistent with respect thereto.

The judgment is affirmed.

Barnard, P. J., and Burch, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.