[S. F. No. 21455.    In Bank.    March 5, 1964.]

ALBERTA LOWREY GRIGGS, Plaintiff and Respondent, v. BOARD OF TRUSTEES OF MERCED UNION HIGH SCHOOL DISTRICT et al., Defendants and Appellants.

Willard B. Treadwell, County Counsel, C. Ray Robinson and Jonathan H. Rowell for Defendants and Appellants.

Ben Curry for Plaintiff and Respondent.

Stanley Mosk, Attorney General, Harold B. Haas, Assistant Attorney General, Elizabeth Palmer, Deputy Attorney General, and Irving G. Breyer as Amici Curiae.

GIBSON, C. J.—Alberta Lowrey Griggs who was serving her third year as a probationary teacher of the Merced Union

High School District, was notified by the board of trustees of the district that it intended to terminate her employment at the end of the school year. After a public hearing was held at her request, the board decided that she would not be reemployed, and she commenced this proceeding to compel the board to reinstate her as a teacher for the next school year. The court concluded that the findings of the board were not supported by substantial evidence and that Mrs. Griggs was deprived of a fair trial of the accusations against her. The ensuing judgment ordered the board to vacate its decision, reinstate petitioner as a teacher for the ensuing school year, and pay the expenses incurred by her in connection with the hearing, consisting of $1,500 attorney's fees and $33.90 filing and service fees. The board appeals.

We are of the view that the findings of the board were supported by substantial evidence, that on the basis of its findings the board had power to terminate the employment of Mrs. Griggs and that the record does not support the court's determination that she was deprived of a fair trial. It is not disputed that she is entitled to be reimbursed for sums expended for filing and service fees, but we are of the view that she was not entitled to recover attorney's fees.

In *Horner* v. *Board of Trustees of Excelsior Union High School Dist., ante,* p. 79 [37 Cal.Rptr. 185, 389 P.2d 713], we held that section 13444 of the Education Code as amended in 1961 is applicable to probationary teachers who are not reemployed at the end of a school year. Insofar as relevant here, section 13444 provides that a refusal to reemploy may be for cause only; that the teacher shall have the right to a hearing to determine the cause for his dismissal; that the determination of the board as to the sufficiency of the cause shall be conclusive and not subject to judicial review but that the cause shall relate solely to the welfare of the school and its pupils; and that the hearing shall be conducted in accordance with the chapter of the Administrative Procedure Act relating to administrative adjudication. (Gov. Code, § 11500 et seq.).[1]

Under the applicable provisions of the Administrative Procedure Act the hearing is initiated by an accusation stating the charges against the teacher, each party has the right to introduce evidence and to cross-examine witnesses, and the

[1]Section 13444 of the Education Code is set forth in full in *Horner, ante,* pp. 79, 82 [37 Cal.Rptr. 185, 389 P.2d 713].

board must make findings of fact and determine the issues presented. (Gov. Code, §§ 11503, 11513, 11518.) This procedure was followed in the present case.

With respect to judicial review, the chapter of the Administrative Procedure Act made applicable by section 13444 of the Education Code provides that review of decisions of administrative boards may be had by petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. (Gov. Code, § 11523.) The inquiry extends to the questions whether the board has proceeded without or in excess of jurisdiction, whether there was a fair trial, and whether there was any prejudicial abuse of discretion. An abuse of discretion is established if the board has not proceeded in the manner required by law, the order or decision is not supported by the findings, or, with regard to local boards like the one before us, the findings are not supported by substantial evidence in the light of the entire record. (Code Civ. Proc., § 1094.5, subds. (b), (c); *Atchison etc. Ry. Co.* v. *Kings County Water Dist.*, 47 Cal.2d 140, 143-144 [302 P.2d 1]; *Riggins* v. *Board of Education*, 144 Cal.App.2d 232, 237 [300 P.2d 848].) However, section 13444 of the Education Code specifically limits the scope of judicial review, stating, ''The determination of the board as to the sufficiency of the cause for dismissal shall not be subject to judicial review,'' and ''The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof.''

Nothing in the language of section 13444 prevents the reviewing court from determining whether the board has proceeded in excess of jurisdiction, whether there has been a fair trial, and whether the board's findings of fact are supported by substantial evidence. However, where there is evidence to support the board's findings of fact and where the cause for dismissal found by the board can reasonably be said to relate to the ''welfare of the schools and the pupils thereof,'' the reviewing court may not consider whether the facts found are sufficiently serious to justify dismissal.

The board found that Mrs. Griggs had shown lack of proper self-control in the presence of pupils and in the disciplining of pupils, lack of courtesy in contacts with co-workers, and poor judgment in handling pupil problems. These findings were supported by substantial evidence. At the hearing before the board, semiannual reports of school principals

evaluating Mrs. Griggs' work showed a need of improvement in classroom procedure, emotional stability, teacher-pupil relationship, and in the relationship with parents, other teachers, and administrators. These reports were admissible as business records. (*Fox* v. *San Francisco Unified School Dist.*, 111 Cal.App.2d 885, 891-892 [245 P.2d 603].) Extensive evidence was introduced with respect to specific acts of tactlessness and lack of self-restraint on the part of Mrs. Griggs in her relations with co-workers, pupils, and parents, and it appears that her conflicts with co-workers sometimes occurred in the presence of pupils and parents. The record also shows that Mrs. Griggs' attention had been called to her need for improvement with respect to such matters.

A teacher's lack of self-restraint and tact in dealing with co-workers, pupils and parents is clearly a matter which relates to the welfare of the school and its pupils, and, as we have seen, where the cause for dismissal can reasonably be said to relate to the welfare of the school and its pupils, it is solely for the board to determine whether dismissal is warranted. Accordingly, the trial court could not properly substitute its own judgment for that of the board on the question of the sufficiency of the cause for Mrs. Griggs' dismissal.

In support of the determination of the trial court that Mrs. Griggs was deprived of a fair trial, it is asserted that, prior to the hearing, the members of the board took evidence, held discussions with outsiders and expressed opinions concerning the accusation filed by the superintendent. We find nothing improper in the conduct of the members of the board. Under section 13443 of the Education Code the termination of the employment of a probationary teacher at the end of the school year must be based on causes relating to the welfare of the school and its pupils.[2] The first step to be taken in the termination procedure is the notification to the teacher that his services will not be required for the ensuing year. It is thus clear that, before there is any occasion for a public hearing, the board must make an ex parte determination that there is good cause for dismissal, and, in order to be able to make this decision, the board must have some knowledge of the facts. It may rely primarily on the recommendation of the superintendent, who is its chief executive officer (Ed. Code, § 1551, subd. (a)), and who often, as was the case

[2]Section 13443 of the Education Code is set forth in full in *Horner, ante*, pp. 79, 81 [37 Cal.Rptr. 185, 389 P.2d 713].

here, acts as its secretary and technical adviser. However, it may also make a preliminary inquiry of its own, question the teacher and other interested persons, and discuss the matter with them. Even after the members of the board have tentatively made up their minds that the teacher should not be rehired and have notified him accordingly, they may have good reason to continue their inquiry, e.g., for the purpose of deciding whether they should reverse their position without a hearing or for the purpose of determining what evidence should be presented at the hearing. It may be noted that Mrs. Griggs, after having received notice that she would not be rehired, spoke to each member of the board separately for one or more hours.

In an administrative proceeding, like the one here involved, the combination of adjudicating functions with prosecuting or investigating functions will ordinarily not constitute a denial of due process (*Rudolph* v. *Athletic Com.*, 177 Cal.App.2d 1, 14 [1 Cal.Rptr. 898]; *Chosick* v. *Reilly*, 125 Cal.App.2d 334, 337-338 [270 P.2d 547]; *Hohreiter* v. *Garrison*, 81 Cal.App.2d 384, 392-393 [184 P.2d 323]; see 2 Davis, Administrative Law Treatise (1958) p. 175 et seq.), and an independent inquiry by a school board prior to a formal hearing is not inconsistent with its power to hold the formal hearing (cf. *Steen* v. *Board of Civil Service Comrs.*, 26 Cal.2d 716, 723 [160 P.2d 816]).

It is also claimed by Mrs. Griggs that the board entered the hearing with a preconceived idea of her guilt and for this reason refused the services of a hearing officer. The members of the board admit they were inclined to presume that the recommendations of their superintendent were correct, subject to reevaluation on the basis of what would appear at the hearing, but this does not show they were prejudiced against Mrs. Griggs or that they could not give her a fair hearing. The board was not required to use the services of a hearing officer, and there is no evidence that its refusal to do so resulted from a preconceived intention to find Mrs. Griggs guilty of the charges.

The record does not show, as claimed by Mrs. Griggs, that the superintendent of the district participated in the deliberations of the board after the hearing. The evidence is undisputed that the superintendent was present only for a short time at the beginning of the closed session of the board, together with his secretary and the county counsel, for the purpose of giving some secretarial and technical assistance,

and that, on the advice of the county counsel, they left before the deliberations started.

■ Obviously the proceedings by the board are not vitiated by the fact that no reporter was present at the deliberations of the board members or at their conversations outside the hearing with employees of the board or with others. Reporting is required only with respect to the hearing itself. (Gov. Code, § 11512, subd. (d).)

■ The board is under no duty to pay the fees of Mrs. Griggs' attorney. Section 13444 provides that "All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds." Although this provision puts the burden of paying all expenses of the hearing on the district irrespective of who wins the case, attorney's fees are no part of these expenses. Ordinarily such fees, in contradistinction to costs and disbursements, are not recoverable unless specifically provided for by statute. (Code Civ. Proc., § 1021; *Freeman* v. *Goldberg,* 55 Cal.2d 622, 625 [12 Cal.Rptr. 668, 361 P.2d 244].) There is here no provision for the payment of attorney's fees, and the fact that section 13444 specifically provides that the expenses of the hearing include the cost of the hearing officer further indicates that they are not intended to include fees of a teacher's attorney.

The judgment is reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.