[Civ. No. 549. Fifth Dist. Jan. 7, 1966.]

JOSEPH F. RANEY, Plaintiff and Appellant, v. BOARD OF TRUSTEES, COALINGA JUNIOR COLLEGE DISTRICT, Defendant and Respondent.

---

*Assigned by the Chairman of the Judicial Council.

Joseph F. Raney, in pro. per., for Plaintiff and Appellant.

Robert M. Wash, County Counsel, and Max E. Robinson, Deputy County Counsel, for Defendant and Respondent.

CONLEY, P. J.— Joseph F. Raney, a former probationary school teacher of the Coalinga Junior College District, was denied a writ of mandate directing respondent to reemploy him and to pay his back salary for the 1964-65 school term. The superior court found that Mr. Raney had been a probationary teacher of the Coalinga Junior College District for two previous years and was teaching for the third year when on or about May 11, 1964, the board of trustees of the college district caused written notice to be given him that his services would not be required for the 1964-65 school year; that upon request, the board gave him a written statement of the reasons for not hiring him and that on or about June 11, 1964, it served him with a formal accusation; that following the filing of his notice of defense and request for a hearing, such hearing was regularly held by the school board on July 9, 1964, and that thereafter the board made findings of fact and rendered a decision, copies of which are attached to the petition for the writ of mandate. The trial court found that the matters set forth in paragraphs 1, 2, and 3 of the board's findings of fact are supported by substantial evidence in the light of the whole record, as follows:

"1. That the philosophy of the said Joseph F. Raney with respect to grading is unsuitable for the junior college level and is contrary to the accepted practices of the administration of the Coalinga College in that he has an extremely 'tough' attitude toward his students which causes excessive

dropouts during the semester and between semesters; that his severity of grading as aforesaid, his tough philosophy, his sarcasm towards his students, particularly those who may disagree with his philosophy, results in many students either failing to take his course or failing to complete them, resulting in said students missing an important basic course.

"2. That originally employed as a counselor, he proved ineffective as such with extremely poor rapport with his students, necessitating his reassignment to classroom work; that he would not ever be suitable for counseling.

"3. That he has a general reputation among students, faculty and the community as a contentious person which lessens their respect for him, thereby reducing his effectiveness as a teacher."

The trial court determined that said reasons "relate solely to the welfare of the school and the pupils thereof." In his conclusions of law, the trial judge held that the respondent board duly and regularly acted within the authority granted by sections 13443 and 13444 of the Education Code, as they then existed.

The judgment is ". . . that the petitioner take nothing by this action, and that each party shall bear his own costs of suit herein."

The decision is in accordance with the law. In the case of *Griggs* v. *Board of Trustees,* 61 Cal.2d 93, 96 [37 Cal.Rptr. 194, 389 P.2d 722], the Supreme Court succinctly states the statutory limitations upon the right of the courts to consider such discretionary decisions of a school board:

"The inquiry [of judicial review] extends to the questions whether the board has proceeded without or in excess of jurisdiction, whether there was a fair trial, and whether there was any prejudicial abuse of discretion. An abuse of discretion is established if the board has not proceeded in the manner required by law, the order or decision is not supported by the findings, or, with regard to local boards like the one before us, the findings are not supported by substantial evidence in the light of the entire record. [Citations.] However, section 13444 of the Education Code specifically limits the scope of judicial review, stating, 'The determination of the board as to the sufficiency of the cause for dismissal shall not be subject to judicial review,' and 'The determination of the board as to the sufficiency of the cause for dismissal shall be conclu-

sive, but the cause shall relate solely to the welfare of the schools and the pupils thereof.' ''

The quotation from section 13444 of the Education Code contained in the opinion of the *Griggs* case referred to section 13444 of the Education Code as it existed, after amendment, in 1961. (See *Horner* v. *Board of Trustees,* 61 Cal.2d 79, 82 [37 Cal.Rptr. 185, 389 P.2d 713].)

In 1965, section 13444 of the Education Code was repealed,[1] and the pertinent subject matter thereof is covered in section 13443, which provides: ''The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only. The determination of the governing board as to the sufficiency of the cause pursuant to this section shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof.'' It will thus be seen that notwithstanding frequent amendments of the code sections involved, the same rule has at all times applied, namely, that the sufficiency of the cause adopted by the board of trustees for failing to reemploy a teacher for a fourth year, thus giving him permanent status, is conclusive within specified limits, and the courts cannot interfere with the judgment of the school board with respect to reemployment.

The trial judge correctly determined that there was substantial evidence before the board of trustees supporting the findings which they made. It is not within our power to substitute our own judgment of the character and ability of the petitioner or his worthiness as a teacher; we are powerless to pass judgment on the ''sufficiency of the cause for dismissal.''

It would be a useless consumption of time and space for us to discuss in detail the evidence at the hearing before the board of trustees. The board believed the evidence, which was countered by other testimony, that Mr. Raney was too strict in his insistence that his students should attain a high degree of efficiency approximating a university level of scholarship, and that the grades given by him were not in line with the customary relaxed attitude of certain other teachers. Some of his students found his comments disagreeable. As a counselor, during part of his three years of teaching, he did not meet with unanimous approval, and some of the students and faculty and the school community believed that he was a

---

[1]Stats. 1965, ch. 1110, § 3.

contentious person, and that such belief tended to reduce his effectiveness as a teacher.

If this court were at liberty to supervise the judgment of the members of the school board and to reverse their decision as to the retention of appellant on the basis of his ability and merits as a teacher, we might well reach an opposite conclusion. As remarked by the learned trial judge, who had been both a teacher and a school trustee prior to his elevation to the bench, Mr. Raney ". . . is a highly intelligent [and] courageous . . . individual," and the record evidences qualities of the petitioner which are desirable in the profession. If education is to achieve its asserted end of causing young people to think and to reach independent conclusions about the issues that agitate the world, there must be afforded to their teachers a sufficient independence to permit them to inculcate these virtues. Ideally, a teacher should be a little contentious, rather than stodgy and lethargic, but our theory of government gives to the school trustees, for better or for worse, an almost absolute choice either to "hire or fire" teachers who have not yet attained tenure. It might well be argued that the Legislature has created a mirage for probationary teachers by seeming to assure them that they may demand a hearing if they are not retained for a fourth year. In practice, such an official inquiry does not result in a reinstatement of the teacher but only produces a possibly expanded assignment of reasons why the board does not wish to give him permanent status by rehiring him for a fourth year. This is how it is, and probationary teachers should clearly understand the way of the world insofar as their jobs are concerned.

The judgment is affirmed.

Brown (R.M.), J., and Stone, J., concurred.