[Civ. No. 29416. Second Dist., Div. Two. June 2, 1966.]

ANNA MADALYN PARKER, Plaintiff and Appellant, v. BOARD OF TRUSTEES OF THE CENTINELA VALLEY UNION HIGH SCHOOL DISTRICT OF LOS ANGELES COUNTY et al., Defendants and Respondents.

Tanner, Odell & Taft and Donald W. Odell for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and William F. Stewart, Deputy County Counsel, for Defendants and Respondents.

ROTH, P. J.—Appellant was a probationary teacher of the Centinela Valley Union High School District. Prior to May 15, 1964, she was dismissed under the provisions of Education Code, section 13443. That section, in pertinent part, provides: "On or before the fifteenth day of May in any year, the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year. . . ."

The school board at its meeting on May 12, 1964, decided not to rehire. Written notice of said decision was mailed to appellant. It was received by her on May 14.

On May 18, appellant requested a further hearing. On July 13, she received a notice of hearing and a list of "Accusations." Within five days, appellant filed a notice of defense to said accusations.

Hearing was held on July 28, 29, and 30. On August 27, at a meeting of the board, a decision was reached sustaining the prior refusal to hire appellant for the subsequent school year.

On September 4, 1964, appellant received a document entitled "Findings of Fact, Determination of Issues and Conclusions Thereon," notifying appellant of the final decision of the board.

On October 14, appellant requested the preparation of the record relating to the proceedings against her. In response thereto appellant received a letter from the board acknowledging the request, and calling appellant's attention to the fact that such a record would be prepared only upon payment by her of the estimated costs thereof as required by section 11523 of the Government Code. Appellant insisted that "the expense of the transcript of the hearing of July 28, 29 and 30, 1964, before respondent Board . . . should be paid for by respondent Board . . . from the funds of the respondent school district." No record was prepared.

On November 4, 1964, appellant filed in the superior court a petition for writ of mandate, setting out three causes of action, the third being in the nature of a complaint for declaratory relief. The pleading considered as a whole recites the foregoing facts: alleges that she has performed all duties required of her as a teacher, except such as she was wrongfully prevented by respondent from performing; the absence of a material witness which was complained of; the failure to grant a continuance when such absence was called to respondent's attention; irregularity in attendance at hearings by members of respondent board and various procedural defects in the proceedings. In addition, the pleadings assert lack of substantial evidence to support the findings and conclusions of the board, allege on information and belief that the decision was based on matters not in evidence and on matters improperly received in evidence at the hearing, and request the court to issue a writ of mandate ordering appellant's immediate reinstatement.

The cause of action for declaratory relief requests a trial de novo in the superior court to determine appellant's status.

Respondent's general demurrer to the petition was sustained without leave to amend on the ground that it was not filed within the time limit required by section 11523 of the Government Code. This appeal is from the judgment of dismissal entered pursuant to the order sustaining the demurrer without leave.

At the time of the ruling below, Education Code, section 13444 provided that hearings for the dismissal of probationary teachers should be held in accordance with the provisions of Government Code, title 2, division 3, part 1, chapter 5 (entitled "Administrative Adjudication").[1] Section 11523 of the Government Code, one of the sections referred to, provides for a review of administrative decisions by petition for a writ of mandate. Such petition must be filed within 30 days after the last day on which reconsideration can be ordered.

Government Code, section 11521 provides that "The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent. . . ."

In the case at bench, the petition reveals that appellant received a copy of the decision on September 4, 1964. Thirty days therefrom is October 4, a Sunday. Civil Code, section 11 provides that whenever an act is appointed by law

[1] Section 13444 was repealed by Statutes 1965, chapter 1110, section 3; an identical reference to the Government Code was simultaneously added to section 13443 of the Education Code by Statutes 1965, chapter 1110, section 2.

to be performed on a holiday (including Sunday; see Civ. Code, § 7), it may be performed on the next business day. The last day upon which reconsideration could be ordered, therefore, was Monday, October 5. The time for filing the petition for writ of mandate was 30 days later, or November 4, 1964. Since the petition at bench was filed November 4, the trial court erred in sustaining the demurrer on the ground of the untimeliness.

Appellant's petition was filed within the time set by law. We must therefore examine the merits thereof. ■ A general demurrer will not be sustained if the pleadings, liberally construed, state a cause of action on any theory. (*Lloyd* v. *California Pictures Corp.*, 136 Cal.App.2d 638, 642 [289 P.2d 295]; *Tustin Heights Assn.* v. *Board of Supervisors of Orange County*, 170 Cal.App.2d 619, 636 [339 P.2d 914]; *Maxwell* v. *City of Santa Rosa*, 53 Cal.2d 274, 279 [347 P.2d 678]; *Helfrich* v. *Kerley*, 192 Cal.App.2d 726, 729 [13 Cal. Rptr. 753].)

At the time of the proceedings below, Education Code, section 13444[2] provided in part: "The governing board of any school district shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof. The determination of the board as to the sufficiency of the cause for dismissal shall not be subject to judicial review."

In *Griggs* v. *Board of Trustees,* 61 Cal.2d 93 [37 Cal.Rptr. 194, 389 P.2d 722], the Supreme Court discussed the rights of a probationary teacher dismissed at the end of her third year to obtain judicial review of the local school board by petition for writ of mandate. The court stated at page 96: "The inquiry extends to the questions whether the board had proceeded without or in excess of jurisdiction, whether there was a fair trial, and whether there was any prejudicial abuse of discretion. An abuse of discretion is established if the board has not proceeded in the manner required by law, the order or decision is not supported by the findings, or, with regard to local boards like the one before us, the findings are not supported by substantial evidence in the light of the entire record. (Code Civ. Proc., § 1094.5, subds. (b), (c); *Atchison etc. Ry. Co.* v. *Kings County Water Dist.,* 47 Cal.2d 140, 143-

---

[2]Now section 13443, see footnote 1, *ante.*

144 [302 P.2d 1]; *Riggins* v. *Board of Education,* 144 Cal. App.2d 232, 237 [300 P.2d 848].). . . .

"Nothing in the language of section 13444 prevents the reviewing court from determining whether the board has proceeded in excess of jurisdiction, whether there has been a fair trial, and whether the board's findings of fact are supported by substantial evidence. However, where there is evidence to support the board's findings of fact and where the cause for dismissal found by the board can reasonably be said to relate to the 'welfare of the schools and the pupils thereof,' the reviewing court may not consider whether the facts found are sufficiently serious to justify dismissal."

█ In the case at bench, as we have noted, the petition alleges, among other things, as heretofore pointed out, that the findings and decisions of the board are not supported by the evidence,[3] procedural irregularities, abuse of discretion and that the decision was based in part on matters improperly received and not in evidence. These allegations, vague and general though they be, are sufficient to state a cause of action for a writ of mandate. (*Griggs* v. *Board of Trustees, supra.*)

█ The demurrer was properly sustained, however, as to the third cause of action of the petition which is in effect a complaint for declaratory relief. It is well established that an action for declaratory relief is not appropriate for review of an administrative order; when so used, it is construed as a petition for a writ of mandate. (*Hostetter* v. *Alderson,* 38 Cal.2d 499, 500 [241 P.2d 230]; *Floresta, Inc.* v. *City Council of the City of San Leandro,* 190 Cal.App.2d 599, 612 [12 Cal. Rptr. 182]; *LeStrange* v. *City of Berkeley,* 210 Cal.App.2d 313, 320 [26 Cal.Rptr. 550].) █ We note that appellant in her third cause of action for declaratory relief, adds no new allegations nor does she request additional relief other than a right to a trial de novo on the issue of her discharge. To this, she is not entitled. (Ed. Code, § 13444;[4] *Griggs* v. *Board of Trustees,* 61 Cal.2d 93, 96 [37 Cal.Rptr. 194, 389 P.2d 722].)[5]

---

[3]The petition also alleges that a transcript of the proceedings has not yet been prepared. The law is clear that petitioner is responsible for the cost of preparing the record. (Gov. Code, § 11523; *Hollywood Turf Club* v. *Daugherty,* 36 Cal.2d 352, 355-356 [224 P.2d 359].) Since there appears to be some controversy on this matter, we wish to make clear that if appellant wants a transcript prepared for introduction into evidence, she will be required to pay for its preparation.

[4]See footnote 1, *supra.*

[5]Appellant argues that the *Griggs* case does not consider the effect of Education Code, section 13267 on the provisions of section 13444. Section 13267, she contends, grants her the right to a trial de novo.

The demurrer was properly sustained to the third cause of action of the petition. However, as we have pointed out, the petition was timely filed and its first two causes of action, read together, are adequate to sustain a petition for mandate. The demurrer to the petition was not properly sustained.

The judgment is affirmed insofar as it relates to the third cause of action. It is reversed as to the first two causes of action which are read together as a petition for a writ of mandate. Each party is to bear his costs on appeal.

Herndon, J., and Fleming, J., concurred.

Section 13267 provides: ''Nothing in Sections. . . 13006 to 13553 inclusive . . . shall be construed in such a manner as to deprive any person of his rights and remedies in a court of competent jurisdiction on a question of law and fact.'' Such boiler-plate language does not negate the specific directive of section 13444; the latter merely explains those ''rights and remedies'' referred to in the former.