[Civ. No. 32952. First Dist., Div. One. Apr. 11, 1975.]

WILLIAM T. GREER, Plaintiff and Appellant, v.
BOARD OF EDUCATION OF SANTA ROSA 'CITY SCHOOL
DISTRICT et al.,
Defendants and Respondents.

## COUNSEL

Bell & Hill, Bell & Tuner and Robert Y. Bell for Plaintiff and Appellant.

James P. Botz, County Counsel, and Thomas B. Sawyer, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**SIMS, J.**—Appellant a probationary school teacher who was given notice pursuant to the provisions of section 13443 of the Education Code[1] that his services would not be required for the school year 1971-1972, has appealed from a judgment denying his petition for mandamus in which he sought review of proceedings taken under that section that had culminated in the board's determination not to employ

---

[1]The statutory provisions applicable to the proceedings under review are found in section 13443 as it was amended by Statutes 1970, chapter 1565, section 2, page 3203. Subdivisions (a) and (b) then read, "(a) No later than March 15 and before an employee is given notice by the governing board that his services will not be required for the ensuing year, the governing board and the employee shall be given written notice by the superintendent of the district or his designee, or in the case of a district which has no superintendent by the clerk or secretary of the governing board, that it has been recommended that such notice be given to the employee, and stating the reasons therefor. [¶] (b) The employee may request a hearing to determine if there is cause for not reemploying him for the ensuing year. A request for a hearing must be in writing and must be delivered to the person who sent the notice pursuant to subdivision (a), on or before a date specified therein, which shall not be less than seven days after the date on which the notice is served upon the employee. If an employee fails to request a hearing on or before the date specified, his failure to do so shall constitute his waiver of his right to a hearing. The notice provided for in subdivision (a) shall advise the employee of the provisions of this subdivision."

The second and third paragraphs now found in subdivision (a) were added in 1971 (see Stats. 1971, ch. 655, § 1, p. 1301, and ch. 659, § 2, p. 1310); and all of the provisions of these two subdivisions were carried forward in 1973. (Stats. 1973, ch. 1016, § 1, p. 2017.)

him for the ensuing school year. The principal thrust of his complaint is that he was denied a fair hearing on the issue of his continued employment. More specifically he asserts that he was denied a hearing before the governing board when it made a determination of the sufficiency of the cause for not requiring his services, as provided by subdivision (d) of section 13443; that he was deprived of his right to a hearing on that issue as was provided in subdivisions (a) and (c) of section 11517 of the Government Code; and that his rights to due process of law and equal protection of the law were violated by the procedures followed by the board in connection with the termination of his services. He further attacks the proceedings because a representative of the county counsel who conducted the proceedings before the hearing officer on behalf of the governing board participated in the decision making processes of that board, and because the board acted in executive session despite the fact that the petitioner requested a public hearing, as is provided in section 54957 of the Government Code. He also asserts that the board erred in failing to provide him with a transcript of the proceedings before the hearing officer, in failing to make a determination that he was terminated for a cause other than one authorized by law, and that the findings of the hearing officer fail to support the decision of the governing board.

On review it is concluded that the proceedings taken in connection with the determination not to reemploy petitioner complied with law, except insofar as he was denied a right to a hearing before the governing board on specific issues exclusively reserved to the board for decision under the statutes then in effect. The record, however, indicates that there was no prejudice from that error sufficient to invalidate the action of the board. Petitioner's remaining contentions are examined and found to be without merit. The judgment must be affirmed.

The facts found by the hearing officer and the trial court reflect that petitioner was employed by the school district as a probationary teacher for the school year commencing in September 1968; that in March 1971, pursuant to the provisions of section 13443, the superintendent of the district gave petitioner and the governing board written notice recommending that petitioner be given notice that his services would not be required for the ensuing school year. (See § 13443, subd. (a), fn. 1 above.) Thereafter, pursuant to the provisions of subdivision (b) of section 13443, petitioner requested a hearing as provided in the statute.[2]

---

[2]Subdivision (c) of section 13443 as then in effect provided: "(c) In the event a hearing is requested by the employee, the proceeding shall be conducted and a decision made in

Hearings were held on an accusation filed against petitioner and his notice of defense. (See Gov. Code, §§ 11503-11506.) Following hearings on April 19, 20, 23 and 30, May 28 and June 2 and 3, 1971, the matter was submitted for decision, and on June 21, 1971, the hearing officer rendered a "Proposed Decision" containing the matters prescribed by subdivision (c) of section 13443. The board, after considering the hearing officer's sealed report in executive sessions on June 22 and 23, 1971, on June 25, 1971, in a public meeting unanimously determined not to employ the petitioner for the ensuing school year.[3]

---

accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code and the governing board shall have all the power granted to an agency therein, except that: (1) the respondent shall file his notice of defense, if any, within five days after service upon him of the accusation and he shall be notified of such five-day period for filing in the accusation; (2) the discovery authorized by Section 11507.6 of the Government Code shall be available only if request is made therefor within 15 days after service of the accusation, and the notice required by Section 11505 of the Government Code shall so indicate; and (3) the hearing shall be conducted by a hearing officer who shall prepare a proposed decision, containing findings of fact and a determination as to whether the charges sustained by the evidence are related to the welfare of the schools and the pupils thereof, but the proposed decision shall not contain a determination as to the sufficiency of the cause or a recommendation as to disposition, which sufficiency and disposition shall be determined by the governing board. The proposed decision shall be submitted to the governing board on or before May 7 of the year in which the proceeding is commenced. All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds. The board may adopt from time to time such rules and procedures not inconsistent with provisions of this section, as may be necessary to effectuate this section." (Stats. 1970, ch. 1565, § 2, pp. 3203-3204.)

Subdivision (d) then provided and now provides: "(d) The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only. The determination of the governing board as to the sufficiency of the cause pursuant to this section shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof and provided that cause shall include termination of services for the reasons specified in Section 13447 [reduction in number of permanent employees]. The decision made after the hearing shall be effective on May 15 of the year the proceeding is commenced." (Stats. 1970, ch. 1565, § 2, p. 3204; and Stats. 1973, ch. 1016, § 1.)

[3]Section 13443 further provided and provides: "(e) Notice to the probationary employee by the governing board that his service will not be required for the ensuing year, shall be given no later than May 15.

"(f) If a governing board notifies a probationary employee that his services will not be required for the ensuing year, the board shall, within 10 days after delivery to it of the employee's written request, provide him with a statement of its reasons for not reemploying him for the ensuing school year.

"(g) Any notice or request shall be deemed sufficient when it is delivered in person to the employee to whom it is directed, or when it is deposited in the United States registered mail, postage prepaid and addressed to the last known address of the employee.

"(h) In the event that the governing board does not give notice provided for in

Other pertinent facts and findings are referred to below where appropriate.

## I

At the request of the petitioner, and in accordance with facts in the record, the trial court found: "[¶] VI Petitioner requested the Respondent Board: [¶] 1. to furnish him a copy of the proposed decision prior to decision thereon by the Board. [¶] 2. to prepare a transcript of the proceedings before the hearing officer and to consider the same before taking action on the proposed decision of the hearing officer. [¶] 3. to grant a continuance of ten days before considering the proposed decision of the hearing officer. [¶] 4. to permit petitioner to make a presentation orally or in writing in behalf of his client before the Respondent Board. [¶] All of these requests were denied by Respondent Board."[4] The trial court concluded, "That all proceedings by respondents were in accordance with law."

■ "It is well established that a civil service employee is entitled to have the statutory procedures for dismissal strictly followed [citations], and fairly construed [citation]." *(California Sch. Employees Assn.* v. *Personnel Commission* (1970) 3 Cal.3d 139, 145 [89 Cal.Rptr. 620, 474 P.2d 436]. See also *Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d

---

subdivision (e) of this section on or before May 15, the employee shall be deemed reemployed for the ensuing school year.

"(i) If after request for hearing pursuant to subdivision (b) any continuance is granted pursuant to Government Code Section 11524, the dates prescribed in subdivisions (c), (d), (e) and (h) which occur on or after the date of granting the continuance shall be extended for a period of time equal to such continuance."

The hearing officer found and the trial court affirmed "that all time requirements of Section 13443 of the Education Code were duly complied with, ..." No objection is made on that score and it is assumed all actions were timely in view of the provisions of subdivision (i). (See *Young* v. *Governing Board* (1974) 40 Cal.App.3d 769, 772-775 [115 Cal.Rptr. 456] [hearing in S. Ct. den. Sept. 12, 1974].)

[4]The findings of the trial court also recited as additional special findings of fact:

"1. Respondent Board took its actions and made its decisions in this matter without reference to a transcript of the hearings before the hearing officer, despite the requests of petitioner for reference to such a transcript.

". . . . . . . . . . . . . . .

"3. Respondent Board heard no evidence and no argument by petitioner prior to coming to its decisions.

"4. Neither evidence nor argument was allowed by Respondent Board to be introduced before said Board by petitioner on the issue of sufficiency of cause for dismissal.

"5. Respondent Board refused petitioner's request to be furnished with a copy of the hearing officer's findings prior to decisions made by Respondent Board."

821, 831 [114 Cal.Rptr. 589, 523 P.2d 629]; *Shaughnessy* v. *Wilsona School Dist.* (1972) 29 Cal.App.3d 742, 750 [105 Cal.Rptr. 707]; Comment, *Probationary Teacher Dismissal* (1974) 21 U.C.L.A. L.Rev. 1257, 1260-1264; *The Supreme Court of California 1972-1973* (1974) 62 Cal.L.Rev. 408, 576-604; and *The Supreme Court of California 1971-1972* (1973) 61 Cal.L.Rev. 289, 302-322.)

Petitioner's claims that he was deprived of a hearing under the provisions of section 13443 of the Education Code and under the provisions of section 11517 stem from the bifurcated procedure found in the provisions of law in effect in 1971.

In 1931 the Legislature adopted a provision under which notice in writing that his services would not be required in the ensuing school year could be given to a probationary employee on or before May 15. (Sch. Code, § 5.681; Stats. 1931, ch. 657, § 8, p. 1398.) In 1935 the Legislature provided that in larger school districts refusal to rehire could be for cause only. (Sch. Code, § 5.682; Stats. 1935, ch. 697, § 1, p. 1895.)[5] It was established under the foregoing provisions, as reenacted into Education Code section 13583 (Stats. 1943, ch. 71, § 13583, p. 573), that since the governing board's determination not to reemploy a probationary employee for the ensuing year could be for cause only, such an employee was entitled to notice and hearing. (*Keenan* v. *S. F. Unified School Dist.* (1950) 34 Cal.2d 708, 714-715 [214 P.2d 382]; and *Tucker* v. *S. F. Unified School Dist.* (1952) 111 Cal.App.2d 875, 880-882 [245 P.2d 597]. See also *Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821, 826.) In recognition of the earlier decisions, in 1953 (Stats. 1953, ch. 1040, § 1, p. 2509) the Legislature amended section 13583 to expressly provide for hearings under the California Administrative Procedure Act. (Gov. Code, § 11500 et seq.)[6] These provisions were carried forward into

[5]School Code section 5.682 read: "Anything in section 5.681 of this code to the contrary notwithstanding, governing boards of school districts having an average daily attendance of 60,000 or more pupils shall have power and it shall be their duty to dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but such cause must relate solely to the welfare of the schools and the pupils thereof." (Stats. 1935, ch. 697, § 1, p. 1895. Cf. subd. (d) of § 13443, *ante,* fn. 2.)

[6]The 1953 amendment added the following language to section 13583: "In case a hearing is requested by the employee the proceeding shall be conducted in accordance with Chapter 5 of Part 1, of Division 3 of Title 2 of the Government Code and the governing board shall have all the power granted to an agency in said Chapter 5, except that the respondent shall file his notice of defense, if any, within five days after service upon him of accusation and he shall be notified of such five-day period for filing in the accusation. All expenses of the hearing, including the cost of the hearing officer, shall be

section 13444 of the Education Code adopted in 1959. (Stats. 1959, ch. 2, § 3, p. 949.) In 1961 the provisions requiring cause and for hearing were extended to all school districts, but the requirement of a hearing before a hearing officer was made optional with smaller districts. (See Ed. Code, §§ 13443 and 13444, as recast by Stats. 1961, ch. 2063, § 1, p. 4290, and ch. 2114, § 1, p. 4374.) At the same time Government Code section 11501 was amended to note a reference to section 13444 of the Education Code. (Stats. 1961, ch. 104, § 1, p. 1113, and ch. 2071, § 88, p. 4328.)

In 1965 the provisions formerly found in Education Code sections 13443 and 13444 were recast in section 13443. (Stats. 1965, ch. 1110, §§ 1, 2 and 3, pp. 2755-2756.) Subdivision (d) carried forward language substantially the same as that added in 1953 (see fn. 6, supra) with the addition of specified deadlines for holding the hearing and for preparation and submission of the hearing officer's proposed decision. It expressly provided, ". . . in the event the hearing is conducted by a hearing officer alone, he shall prepare the proposed decision and submit it to the governing board . . . ." In all of these earlier provisions the only exception to the procedure specified in the Government Code was the shortening of the time for filing the teacher's notice of defense to 5 rather than 15 days. (Cf. Gov. Code, § 11506.) In 1969, however, the Legislature carved out the following additional exceptions: ". . . (2) the discovery authorized by Section 11507.6 of the Government Code shall be available only if request is made therefor within 15 days after service of the accusation, and the notice required by Section 11505 of the Government Code shall so indicate; and (3) the hearing shall be conducted by a hearing officer who shall prepare a proposed decision, *containing findings of fact and a determination as to whether the charges sustained by the evidence are related to the welfare of the schools and the pupils thereof, but the proposed decision shall not contain a determination as to the sufficiency of the cause or a recommendation as to disposition, which sufficiency and disposition shall be determined by the governing board.*" (Italics added.) This language was continued in the section as

paid by the governing board from the district funds. [¶] The board may adopt from time to time such rules and procedures not inconsistent with provisions of this section, as may be necessary to effectuate this section." (Stats. 1953, ch. 1040, § 1, p. 2509. Cf. subdivision (c) of § 13443, *ante,* fn. 2.)

At the time no mention was made of school districts in section 11501 of the Government Code which enumerates the agencies with special statutes which relate to the Administrative Procedure Act.

amended in 1970 (Stats. 1970, ch. 273, § 1, p. 544, and ch. 1565, § 2, p. 3204, fn. 2 above) and as applicable to these proceedings.[7]

A reading of the section reveals that there are several issues to be determined. In *Lindros* v. *Governing Bd. of the Torrance Unified School Dist.* (1973) 9 Cal.3d 524, 534 [108 Cal.Rptr. 185, 510 P.2d 361] [cert.den., 414 U.S. 1112 (38 L.Ed.2d 739, 94 S.Ct. 842)], the court observed: "In sum, whether particular conduct establishes cause under section 13443, poses a pure question of law. This question must be sharply distinguished from two other types of questions which arise under section 13443: (1) questions of *fact* and (2) questions as to the *sufficiency* of the 'cause' to warrant dismissal in light of all the circumstances. Past cases have held that findings of fact, developed by the hearing officer and the governing board, will be upheld by the courts so long as supported by substantial evidence on the whole record. (*Griggs* v. *Board of Trustees, supra,* 61 Cal.2d at p. 96.) Similarly, the determination as to the 'sufficiency of the cause'—whether the 'cause' warrants a refusal to rehire despite the teacher's redeeming qualities as a teacher, his attitude, and the particular needs of the school district—lies solely in the discretion of the governing board *so long as* section 13443's requirement of 'cause . . . relate[d] solely to the welfare of the schools and the pupils thereof. . .' has been met. (*Bekiaris* v. *Board of Education, supra,* 6 Cal.3d at p. 589.)" (9 Cal.3d at p. 534, fn. omitted.)

■ In the instant case the petitioner had the hearing contemplated by law before the hearing officer on all controverted issues of fact. He also had an opportunity to be heard on the hearing officer's determination that the charges, which were sustained by the facts as found, were "related to the welfare of the schools and the pupils thereof." By the terms of subdivision (c) of section 13443, as it read from 1969 to 1973, he was denied any opportunity to be heard before the hearing officer on the issues of "the sufficiency of the cause," or the disposition to be made with respect to the ultimate determination not to reemploy the teacher

---

[7]In 1973 exception (3) was redrafted to provide as follows: "(3) the hearing shall be conducted by a hearing officer who shall prepare a proposed decision, containing findings of fact and a determination as to whether the charges sustained by the evidence are related to the welfare of the schools and the pupils thereof. The proposed decision shall be prepared for the governing board and shall contain a determination as to the sufficiency of the cause and a recommendation as to disposition. However, the governing board shall make the final determination as to the sufficiency of the cause and disposition. None of the findings, recommendations, or determinations contained in the proposed decision prepared by the hearing officer shall be binding on the governing board or on any court in future litigation. . . ." (Stats. 1973, ch. 1016, § 1, p. 2018.)

for the ensuing school year. By law the determination of each of those issues was vested in the school board. By the action of the school board he was deprived of the right to argue those issues by counsel before the board itself. The effect of that action is reviewed below.

Government Code section 11517[8] sets forth certain procedural requirements for administrative adjudication. It purports to cover the following situations: (1) when a contested cause is heard before an agency itself after a hearing before a hearing officer (subd. (a)); (2) when a contested case is heard by a hearing officer alone and the agency adopts the proposed decision of the hearing officer (subd. (b)); and (3) when the agency does not adopt the proposed decision of the hearing officer (subd. (c)). None of those garments is exactly tailored to fit the specifications of the bifurcated procedure prescribed by section 13443 of the Education Code as it read during the period in question. Nevertheless the provisions of the Education Code did not expressly exclude reference to the provisions of Government Code section 11517, as was the case with the three noted exceptions. In fact, subdivision (c) of section 13443 mandates that, subject to those exceptions, "the proceeding shall be conducted and a decision made in accordance with" the applicable chapter of the Government Code.

---

[8]At the time in question section 11517 provided as follows:

"(a) If a contested case is heard before an agency itself the hearing officer who presided at the hearing shall be present during the consideration of the case, and, if requested, shall assist and advise the agency. Where a contested case is heard before an agency itself, no member thereof who did not hear the evidence shall vote on the decision.

"(b) If a contested case is heard by a hearing officer alone, he shall prepare a proposed decision in such form that it may be adopted as the decision in the case. A copy of the proposed decision shall be filed by the agency as a public record and a copy of the proposed decision shall be served by the agency on each party in the case and his attorney. The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.

"(c) If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the case upon the record, including the transcript, with or without taking additional evidence, or may refer the case to the same *or another* hearing officer to take additional evidence. If the case is so assigned to a hearing officer he shall prepare a proposed decision as provided in subdivision (b) upon the additional evidence and the transcript and other papers which are part of the record of the prior hearing. A copy of such proposed decision shall be furnished to each party and his attorney as prescribed *by* subdivision (b). The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself. If additional oral evidence is introduced before the agency itself no agency member may vote unless he heard the additional oral evidence." (Stats. 1955, ch. 1661, § 1, p. 2995, italics added. By Stats. 1971, ch. 653, § 1, p. 1299 the words "or another" were deleted, and "in" was substituted for "by" in subd. (c).)

Petitioner contends that under the provisions of the Education Code the provisions of the Government Code which govern an agency decision, as distinguished from the adoption of a hearing officer's decision by the agency, should govern. The governing board, without discussion of the limitations on the hearing officer's powers, assumes that this is a simple case of the adoption of the decision of the hearing officer. There is no ready answer; the provisions of the two statutes must be read and harmonized together.

The provisions found in subdivision (b) have long withstood attack in situations where the hearing officer is authorized to make, and the agency adopts, a proposed decision on the merits. In *Hohreiter v. Garrison* (1947) 81 Cal.App.2d 384 [184 P.2d 343], a wellspring of administrative law in this state, the late Justice Peters, reviewed the provisions of section 11517 as they read prior to their amendment in 1955, in the light of the pronouncement, "The one who decides must hear," in *Morgan v. United States* (1936) 298 U.S. 468 at page 481 [80 L.Ed. 1288, 1295, 56 S.Ct. 906]. He concluded, ". . . section 11517, properly interpreted, provides that where the hearing officer acts alone the agency may adopt his decision without reading or otherwise familiarizing itself with the record." (81 Cal.App.2d at p. 399.) In response to the contention that due process of law requires that the administrative agency itself review the record, the opinion determined that the Legislature could permit the agency to adopt the proposed decision without reading the record because the statute provided for a fair trial before a fair and impartial hearing officer who is required by law to weigh and appraise the evidence and prepare the proposed decision. (*Id.,* at p. 401. See also *Feist v. Rowe* (1970) 3 Cal.App.3d 404, 415-421 [83 Cal.Rptr. 465]; *Whitlow v. Board of Medical Examiners* (1967) 248 Cal.App.2d 478, 489 [56 Cal.Rptr. 525]; *Stoumen v. Munro* (1963) 219 Cal.App.2d 302, 314-315 [33 Cal.Rptr. 305]; *Fichera v. State Personnel Board* (1963) 217 Cal.App.2d 613, 619-620 [32 Cal.Rptr. 159]; *Bernstein v. Board of Medical Examiners* (1962) 204 Cal.App.2d 378, 384-385 [22 Cal.Rptr. 419]; *Kramer v. State Board of Accountancy* (1962) 200 Cal.App.2d 163, 174-175 [19 Cal.Rptr. 226]; *Strode v. Board of Medical Examiners* (1961) 195 Cal.App.2d 291, 297-298 [15 Cal.Rptr. 879]; *Buckley v. Savage* (1960) 184 Cal.App.2d 18, 32 [7 Cal.Rptr. 328]; and *Dami v. Dept. Alcoholic Bev. Control* (1959) 176 Cal.App.2d 144, 151-152 [1 Cal.Rptr. 213]. Note also *Bertch v. Social Welfare Dept.* (1955) 45 Cal.2d 524, 528-529 [289 P.2d 485]; and *Leeds v. Gray* (1952) 109 Cal.App.2d 874, 879-884 [242 P.2d 48].) The court further pointed out that the aggrieved party could seek review in the superior court. It observed, "Due process contem-

plates that somewhere along the line a fair trial be had—not that there be two or three fair trials. In any event, therefore, appellant having had a fair and impartial trial before a superior court, is in no position to contend he has not been afforded due process." (81 Cal.App.2d at p. 402. See also *Cooper* v. *State Bd. of Medical Examiners* (1950) 35 Cal.2d 242, 246-247 [217 P.2d 630, 18 A.L.R.2d 593]; *Bernstein* v. *Board of Medical Examiners, supra,* 204 Cal.App.2d 378, 385; *Kramer* v. *State Board of Accountancy, supra,* 200 Cal.App.2d 163, 175; *Dami* v. *Dept. Alcoholic Bev. Control, supra,* 176 Cal.App.2d 144, 151; and *Bess* v. *Park* (1956) 144 Cal.App.2d 798, 807 [301 P.2d 978].)

A review of the foregoing precedents leads to the conclusion that in this case the governing board could properly adopt the proposed decision of the hearing officer on those issues properly delegated to him under the provisions of subdivision (c) of the Education Code without reviewing the record of the proceedings. Moreover, it was not necessary for the board to furnish the other party to the case a copy of the hearing officer's proposed decision on those issues before it adopted the proposed decision. (*American Federation of Teachers* v. *San Lorenzo etc. Sch. Dist.* (1969) 276 Cal.App.2d 132, 136 [80 Cal.Rptr. 758]; *Stoumen* v. *Munro, supra,* 219 Cal.App.2d 302, 314; *Strode* v. *Board of Medical Examiners, supra,* 195 Cal.App.2d 291, 296; and *Dami* v. *Dept. Alcoholic Bev. Control, supra,* 176 Cal.App.2d 144, 148-150.)

In the case last cited it was argued, as it is in this case, that the language "A copy of the proposed decision shall be filed by the agency as a public record and a copy of the proposed decision shall be served by the agency on each party in the case and his attorney," as found in subdivision (b) of section 11517, required such prior service. The court reviewed the legislative history of the section, which indicated that a provision for service of a proposed decision 10 days before the agency decided the case had been stricken. It noted the absence of an express provision for prior service, and the absence of a provision for argument in such a situation. It observed, "Apparently the Legislature omitted the mandate for preliminary service because in the situation in which the agency accepted the proposed decision it saw no occasion for further argument." (176 Cal.App.2d at p. 149.) It attributed the requirement of service, presumably after the proposed decision was adopted by the agency, to the Legislature's desire that the party have ready access to the proposed decision without consulting the public records in order to determine whether the agency had in fact adopted the proposed decision, and, if not, an opportunity to demand a new hearing. *(Id.)*

The foregoing answers petitioner's objections based on the failure of the governing board to review the transcript, and the failure to grant him an opportunity to reargue the facts, and the question of whether the facts found (the charges proved) were "related to the welfare of the schools and the pupils thereof." It does not answer his complaint that he had no opportunity to present argument on the issues of "the sufficiency of the cause" and of the disposition to be made on the decision to terminate or rehire. Petitioner looks to the provisions of subdivision (c) of section 11517 of the Government Code as requiring the board to review the transcript of the proceedings before the hearing officer. That procedure is only indicated when the proposed decision is not adopted (see, e.g., *McGlone* v. *Mt. Diablo Unified Sch. Dist.* (1969) 3 Cal.App.3d 17, 19 [82 Cal.Rptr. 225]; *Packer* v. *Board of Medical Examiners* (1974) 37 Cal.App.3d 63, 69 [112 Cal.Rptr. 76]; and *Ward* v. *Fremont Unified Sch. Dist.* (1969) 276 Cal.App.2d.313, 317 [80 Cal.Rptr. 815]), and, in that event, only when the board acts itself and does not re-refer the case to a hearing officer to review it upon that transcript and such additional evidence as may be received. (See *Strode* v. *Board of Medical Examiners, supra,* 195 Cal.App.2d 291, 295-296.) Here the board approved the decision of the hearing officer on the issues referred to him, and it cannot be said that the proposed decision was not adopted. For the same reason the provisions of subdivision (c) which only require service of the proposed decision "as prescribed by subdivision (b)" are not applicable. Nor are the further provisions of that section which read, "The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself."

Since the issues which subdivision (c) of section 13443 of the Education Code withdrew from consideration by the hearing officer must be decided by the agency, it is arguable that the provisions of subdivision (a) of section 11517 of the Government Code should apply. The subdivision deals with the situation where "a contested case is heard before an agency itself." (See, e.g., *Cooper* v. *State Bd. of Medical Examiners, supra,* 35 Cal.2d 242, 244-246.) The first requirement is that "the hearing officer who presided at the hearing shall be present during the consideration of the case, and, if requested, shall assist and advise the agency." Here the contested issues have been severed. The agency having accepted the hearing officer's proposed decision on the issues properly before him has no further use for his services with respect to those issues. The remaining issues having been removed from the hearing officer's jurisdiction, no point would be served by seeking his

assistance and advice contrary to the express provisions of the Education Code. The second requirement is that "no member [of the agency] who did not hear the evidence shall vote on the decision." Here again, the factual questions having been resolved by the approval of the proposed decision as prescribed by subdivision (b) of section 11517 of the Government Code, there would be no point in again reviewing the evidence.

The provisions of section 11517 were not violated by the procedure followed in this case. Nevertheless the spirit, if not the letter, of the statute indicates that at some point in the proceedings the party concerned should have an opportunity to be heard on all, and not only on part, of the issues.

In general there may be some question as to the constitutional right of a "probationary" teacher to a hearing before his employment is terminated. (See *Board of Regents* v. *Roth* (1972) 408 U.S. 564, 578 [33 L.Ed.2d 548, 561-562, 92 S.Ct. 2701]; and cf. *Perry* v. *Sindermann* (1972) 408 U.S. 593, 602 [33 L.Ed.2d 570, 580, 92 S.Ct. 2694].) In this state it has been said that "the right of [probationary] teachers to . . . a hearing is not a constitutional right, but is one that is granted and may be denied by statute." (*Tucker* v. *S. F. Unified School Dist., supra,* 111 Cal.App.2d 875, 882-883.) Nevertheless, as first noted above, notice and hearing are required because the Legislature has provided, "The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only." (Ed. Code, § 13443, subd. (d).) Moreover, in determining the nature of judicial review to be afforded a probationary teacher (see *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 32 [112 Cal.Rptr. 805, 520 P.2d 29]; and cf. *Bekiaris* v. *Board of Education* (1972) 6 Cal.3d 575, 589 and 591, fn. 10 [100 Cal.Rptr. 16, 493 P.2d 480]; and *American Federation of Teachers* v. *San Lorenzo etc. Sch. Dist., supra,* 276 Cal.App.2d 132, 135) it has been determined, "Absent the rights given the probationary teacher in section 13443 we would agree with the statement in *Board of Regents* v. *Roth, supra,* 408 U.S. 564, that at most, Young had a *hope* of being rehired. She is not precluded from being rehired as a school teacher in any other school district or foreclosed from other employment. But such is not the case here as the section does create a right in Young to employment that shall continue until it is *divested for cause.* . . . [¶] We conclude that said code section has effectively given Young a 'vested right' that required the trial court to independently determine from the evidence whether there was an abuse of discretion

because the findings are not supported by the weight of the evidence." (*Young* v. *Governing Board, supra,* 40 Cal.App.3d 769, 780.)

In *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011] the court upheld a challenge to the constitutional adequacy of the procedures established by New York State and New York City to give notice and hearing to those whose public assistance payments were being terminated because it did not provide for the personal appearance of recipient before the reviewing official before the termination of benefits. In discussing the requisites for a fair hearing the court observed, " 'The fundamental requisite of due process of law is the opportunity to be heard.' *Grannis* v. *Ordean,* 234 U.S. 385, 394 (1914). The hearing must be 'at a meaningful time and in a meaningful manner.' *Armstrong* v. *Manzo,* 380 U.S. 545, 552 (1965). In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and *by presenting his own arguments* and evidence orally. These rights are important in cases such as those before us, where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on *misapplication of rules or policies to the facts of particular cases.*" (397 U.S. at pp. 267-268 [25 L.Ed.2d at p. 299], italics added.)

A hearing which does not consider essential issues is not adequate. In *Bell* v. *Burson* (1971) 402 U.S. 535 [29 L.Ed.2d 90, 91 S.Ct. 1586], the court struck down the provisions of the Georgia Motor Vehicle Safety Responsibility Act, which provided for the suspension of the motor vehicle registration and driver's license of an uninsured motorist involved in an accident who failed to post security for any claimed damages, because the administrative hearing conducted prior to the suspension excluded consideration of the motorist's fault or liability for the accident. The court observed, "It is a proposition which hardly seems to need explication that a hearing which excludes consideration of an element essential to the decision . . . does not meet this standard." (402 U.S. at p. 542 [29 L.Ed.2d at p. 96]. See also *Rios* v. *Cozens* (1972) 7 Cal.3d 792, 798-800 [103 Cal.Rptr. 299, 499 P.2d 979] [vacated and remanded *Dept. Motor Vehicles of California* v. *Rios* (1973) 410 U.S. 425 (35 L.Ed.2d 398, 93 S.Ct. 1019)]; and see *Rios* v. *Cozens* (1973) 9 Cal.3d 454, 455 [107 Cal.Rptr. 784, 509 P.2d 696].)

Procedures similar to that prescribed by the provisions of the governing statutes applicable to this case have been upheld by the court.

(See *Bertch* v. *Social Welfare Dept., supra,* 45 Cal.2d 524; and *Leeds* v. *Gray, supra,* 109 Cal.App.2d 874.) Although on cursory examination each case appears to countenance an original decision by the agency without a hearing, there was in fact argument presented by way of the hearing officer's report. In the latter case the court noted, "The hearing officer made no findings, decision or recommendation." The agency's findings and decision were made without further hearing, but after a review of the transcript, the court indicated, ". . . the important matter, where the hearing officer has not made a recommendation, is that the persons affected be given an opportunity to *argue* before the agency which finally determines the matter. In our case the matter was submitted on briefs." (109 Cal.App.2d at p. 882.)[9]

In *Bertch* v. *Social Welfare Dept., supra,* 45 Cal.2d 524, the applicable statute provided, " ' . . . If an appeal, hearing, or rehearing is not heard by the board, a report of the proceedings shall be prepared by the referee conducting it and the report, together with any data the party appealing may desire, shall be presented to the board for final decision. Only the board may make such final decision.' " (45 Cal.2d at p. 528.) The court reviewed *Leeds* v. *Gray, supra,* and concluded: "It would appear that under the situation here present where petitioners were given a full opportunity to be heard before the hearing officer whose report was then reviewed by the board, there was no denial of procedural due process of law." (45 Cal.2d at p. 529.) It may be concluded that the opportunity to present briefs or "data" will suffice to constitute a fair hearing. (Cf. *Packer* v. *Board of Medical Examiners, supra,* 37 Cal.App.3d 63, 69; and *International Union etc. Engineers* v. *Fair Emp. Practice Com.* (1969) 276 Cal.App.2d 504, 515-516 [81 Cal.Rptr. 47] [cert.den., 397 U.S. 1037 (25 L.Ed.2d 648, 90 S.Ct. 1356)].)

The record reflects that the hearing officer's report was prepared on June 21, 1971. On June 22, 1971, the governing board received the proposed decision and a letter from petitioner's counsel in which he requested (1) a copy of the hearing officer's findings, (2) that the board secure a transcript of the reporter's notes of the proceedings before the hearing officer, (3) a continuance of 10 days for consideration of the matter, and (4) "a brief opportunity, perhaps 30 minutes, to present orally and/or in writing, a summary of [his] client's position in [the] case before [the] board." The minutes of a meeting that evening reflect that

---

[9]The court further stated, "A fair and full hearing is given where the fact finder fully reviews the record and an opportunity is given the parties to argue their contentions as to the credibility of the witnesses and the other matters involved in the proceeding." (109 Cal.App.2d at p. 884.)

the board had been advised by its counsel that its members were required to meet in executive closed session, excluding all others, to consider the findings of the hearing officer, and that, upon the advice of counsel, it refused the oral request of petitioner's counsel that his letter be read aloud, and his request that the findings of the hearing officer be made public and available to petitioner and his attorney. In view of the authorities referred to above there was no impropriety in the foregoing action of the board with respect to the issues—findings of fact—embraced in the "proposed decision."

Later the same night the board met in closed executive session, read the proposed decision, and discussed the procedures to be followed with respect to petitioner's case. At an adjourned closed executive session the following evening, the proposed decision was again read aloud. At this meeting it was determined to meet in public session on the morning of June 25, 1971, to take formal action on the hearing officer's report and to notify petitioner's attorney of that meeting. The four members present then approved the following action with respect to the requests contained in counsel's letter: (1) denied him a copy of the hearing officer's report; (2) denied his request for a transcript; (3) denied his request for a further continuance; and (4) denied his request for a 30-minute oral or written presentation before the board. At this point the board had not formally approved the report of the hearing officer, and, as pointed out above (part I-C), the board was entitled to adopt the "proposed decision," as far as it went, without serving a copy, referring to a transcript, or permitting reargument of issues presumably argued before the hearing officer. Later that evening the board directed the staff to acquaint counsel with the decisions on his requests and to notify him of the forthcoming public meeting.

On June 25 in public meeting with the full board present, the "proposed decision" of the hearing officer was adopted in its entirety. Petitioner and his attorney then requested that the board recess for not to exceed one hour's time to allow them 30 minutes for review of the hearing officer's report, and 30 minutes for presentation before the board. This request was denied. The board thereupon unanimously approved a motion "that the causes which are set forth in the proposed decision of the hearing officer . . . be determined as sufficient for not reemploying [petitioner] for the 1971-1972 school year," and a second motion that petitioner "not be reemployed . . . for the ensuing school year." The board erred in failing to permit petitioner to be heard on the issue of whether the charges sustained by the evidence, which, by the adoption of the proposed decision, were also found to be related to the

welfare of the schools and the pupils thereof, constituted sufficient cause for not reemploying petitioner, and in failing to permit him to be heard on the issue of whether the findings of fact, taken as a whole as adopted by the board and including the showing by way of explanation and mitigation (see Gov. Code, § 11506, subd. (d); and § 11520, subd. (b)), should in fact lead to a decision not to reemploy petitioner.

Insofar as the failure to permit argument led to errors of law, the petitioner is afforded due process by the proceedings taken in the superior court, and by review by this court. (See *Cooper* v. *State Bd. of Medical Examiners, supra,* 35 Cal.2d 242, 246-247; *Bernstein* v. *Board of Medical Examiners, supra,* 204 Cal.App.2d 378, 385; *Kramer* v. *State Board of Accountancy, supra,* 200 Cal.App.2d 163, 175; *Dami* v. *Dept. Alcoholic Bev. Control, supra,* 176 Cal.App.2d 144, 151; and *Bess* v. *Park, supra,* 144 Cal.App.2d 798, 807.)

Nevertheless the right to convince the decision maker who exercises discretion within legal bounds is a valuable one, and should not be lightly disregarded. On the record in this case, however, it is apparent that the board was well aware of petitioner's contentions with respect to the conclusions to be drawn from the findings. The proposed decision included not only specific findings with respect to the charges made in the accusation, which were sustained with the exception of one particular, but it also sets out at length facts in mitigation proved by the petitioner, and a summary of the evidence offered by the petitioner to rebut the charges. These matters are subsequently reviewed (see parts V and VI below). They embrace all of the arguments made by petitioner in the superior court and before this court with respect to the reasons he should not be denied reemployment. The case is similar to those in which the record contains briefs or reports of argument on the merits of the case by the party aggrieved. No prejudice has been demonstrated because of the procedural errors of the board.

Approaching the matter from another tangent it appears that since the board was apprised of all matters presented in rebuttal and mitigation at the time it rendered its decision without a hearing, it would be an exercise in futility to order the trial court to remand the case to the board for the purpose of hearing argument on the unargued issues. In any event, since in this case the board complied with the form of the statutes (see parts I-A and I-B above), the defect in the proceedings is not such that the petitioner can successfully claim that it was irremediable that he automatically was rehired for the 1971-1972 school year, and that he obtained tenure. (See *Bekiaris* v. *Board of Education, supra,* 6 Cal.3d 575, 594; *Horner* v. *Board of Trustees* (1964) 61 Cal.2d 79, 86-87 [37 Cal.Rptr.

185, 389 P.2d 713]; and *Feist* v. *Rowe, supra,* 3 Cal.App.3d 404, 410. Cf. *Rutherford* v. *Board of Trustees* (1974) 37 Cal.App.3d 775, 779-781 [112 Cal.Rptr. 560]; *Stewart* v. *San Mateo Junior College Dist.* (1974) 37 Cal.App.3d 345, 347-348 [112 Cal.Rptr. 272]; *Shaughnessy* v. *Wilsona School Dist., supra,* 29 Cal.App.3d 742, 750; and *Ward* v. *Fremont Unified Sch. Dist., supra,* 276 Cal.App.2d 313, 318-323.) In *Horner* v. *Board of Trustees, supra,* the court stated, "At the time petitioner asked for a hearing there existed, as we have seen, a difference of opinion as to whether she was legally entitled to it, and there was then no authoritative decision on the point. In the circumstances, the trial court properly concluded that the board had not lost jurisdiction to hold a hearing. [Citation.]" (61 Cal.2d at pp. 86-87.)

## II

Throughout the proceedings petitioner has sought to have the findings of fact in the proposed decision of the hearing officer reviewed in the light of the record of the proceedings before that officer. It has been demonstrated that he was not entitled to such a review before the governing board because it could and did adopt the findings of fact contained in the proposed decision without such a review. Petitioner had his fair hearing on the facts before the hearing officer. (Gov. Code, § 11517, subd. (b), part I-B above.) ■ His attempt to seek review of the facts in the courts is inextricably bound up with the merits of his claim that he is entitled to a transcript of the proceedings at the expense of the board. ■ "The decision of an administrative agency comes before a court with a presumption of regularly performed official duty; any challenge to the sufficiency of the evidence in such prior hearing, where no stenographic record of the proceeding is attached or filed with the petition, is a conclusion that cannot be treated as equivalent to the indispensable facts. [Citation.]" (*Feist* v. *Rowe, supra,* 3 Cal.App.3d 404, 422.)

■ For many years the Education Code has provided: "All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds." (§ 13443, subd. (c).) Petitioner's reliance on that provision as establishing his right to a transcript is ill-founded. In *Griggs* v. *Board of Trustees* (1964) 61 Cal.2d 93 [37 Cal.Rptr. 194, 389 P.2d 722], it was contended that the clause imposed a duty on the board to pay the petitioner's attorney's fees. The court stated: "Although this provision puts the burden of paying all expenses of the hearing on the district irrespective of who wins the case, attorney's fees are no part of these expenses. Ordinarily such fees, in

contradistinction to costs and disbursements, are not recoverable unless specifically provided for by statute. [Citations.] There is here no provision for the payment of attorney's fees, and the fact that section 13444 specifically provides that the expenses of the hearing include the cost of the hearing officer further indicates that they are not intended to include fees of a teacher's attorney." (61 Cal.2d at p. 99.) In *Feist* v. *Rowe, supra,* the court pointed out, "Petitioner had the duty to prepare the stenographic record of the trial court proceedings in order to obtain judicial review. [Citations.] The cost of furnishing the transcript is to be paid by the person seeking review. (Gov. Code, § 11523.)" (3 Cal.App.3d at p. 422. See also *Hollywood Turf Club* v. *Daugherty* (1950) 36 Cal.2d 352, 355-356 [224 P.2d 359].)

There was no error because the governing board failed to furnish the petitioner a transcript of the proceedings before the hearing officer. The trial court properly found, in the absence of such a transcript, that the proposed decision of the hearing officer, which was adopted by the governing board, was supported by substantial evidence.

### III

In response to a request by petitioner the trial court found, "Respondent Board was advised on legal questions by the same counsel who had represented the school district administration in the hearing before the hearing officer against petitioner." Petitioner contends that the participation of the county counsel in the deliberations of the governing board violated the principle that petitioner is entitled to "a neutral and detached" adjudicator. (See *Ward* v. *Village of Monroeville* (1972) 409 U.S. 57, 61-62 [34 L.Ed.2d 267, 271-272, 93 S.Ct. 80]; *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 489 [33 L.Ed.2d 484, 499, 92 S.Ct. 2593]; and *Goldberg* v. *Kelly, supra,* 397 U.S. 254, 271 [25 L.Ed.2d 287, 301].) In the case last cited the court observed: "We agree with the District Court that prior involvement in some aspects of a case will not necessarily bar a welfare official from acting as a decision maker. He should not, however, have participated in making the determination under review." (397 U.S. at p. 271 [25 L.Ed.2d at p. 301].) Petitioner reads too much into the foregoing language.

By the very nature of the administrative process the agency or one of its agents or representatives is bound to be involved in the initiation and prosecution of charges. This fact was recognized in *Griggs* v. *Board of Trustees, supra,* where the court stated, "In an administrative proceeding, like the one here involved, the combination of adjudicating functions with prosecuting or investigating functions will ordinarily not constitute a

denial of due process (*Rudolph* v. *Athletic Com.,* 177 Cal.App.2d 1, 14 . . .; *Chosick* v. *Reilly,* 125 Cal.App.2d 334, 337-338 . . .; *Hohreiter* v. *Garrison,* 81 Cal.App.2d 384, 392-393 . . .; see 2 Davis, Administrative Law Treatise (1958) p. 175 et seq.), and an independent inquiry by a school board prior to a formal hearing is not inconsistent with its power to hold the formal hearing [citation]." (61 Cal.2d at p. 98. See, in addition to the cases cited, *Finley* v. *Orr* (1968) 262 Cal.App.2d 656, 666 [69 Cal.Rptr. 137]; *Ford* v. *Civil Service Commission* (1958) 161 Cal.App.2d 692, 697 [327 P.2d 148]; *Murphy* v. *Board of Medical Examiners* (1946) 75 Cal.App.2d 161, 162-163 [170 P.2d 510]; *Winning* v. *Board of Dental Examiners* (1931) 114 Cal.App. 658, 664-665 [300 P. 866]; and *Berry* v. *Alderson* (1922) 59 Cal.App. 729, 733-734 [211 P. 836].)

The contention now raised by petitioner was examined and disposed of in *Ford* v. *Civil Service Commission, supra,* as follows: "Appellant now insists that because the civil service commission is advised by a member of the staff from the county counsel's office, and the department is also represented by another member of the county counsel's staff, that such presents 'a cozy situation' and is reversible error. Whether it was cozy or dismal and cheerless makes little difference if it was entirely fair and proper. Under our law, an administrative agency can even be both the prosecutor and the judge in the same matter. [Citation.] There is no evidence that the deputy county counsel who advised the commission did anything other than that which was wholly proper." (161 Cal.App.2d at p. 697.)

## IV

■ In reliance upon the provisions of the Brown Act (Gov. Code, §§ 54950-54960) petitioner contends that the decision not to reemploy him was invalid because it was the product of closed meetings. Section 54950 declares the policy behind the law.[10] This policy is particularly applicable to our schools. "The process of the education of our children is properly a matter of public concern. . . . [¶] Decisions of local governing bodies of school districts may directly affect parents and teachers alike, as well as the students themselves. Thus, it is imperative that the agenda

---

[10]Government Code section 54950 provides: "In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly. [¶] The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created."

of the board's business be made public and in some detail so that the general public can ascertain the nature of such business." (*Carlson* v. *Paradise Unified Sch. Dist.* (1971) 18 Cal.App.3d 196, 199-200 [95 Cal.Rptr. 650]; and see Ed. Code, § 966.)

Section 54953 of the Government Code and section 966 of the Education Code mandate the general rule that all meetings of the governing board of any school district shall be open to the public. Each provides for exceptions for executive sessions, as found in section 54957 of the Government Code which provides in pertinent part, "Nothing contained in this chapter shall be construed to prevent the legislative body of a local agency . . . from holding executive sessions during a regular or special meeting to consider the appointment, employment or dismissal of a public officer or employee or to hear complaints or charges brought against such officer or employee by another public officer, person or employee *unless such officer or employee requests a public hearing.*" (Italics added. See *Swars* v. *Council of City of Vallejo* (1949) 33 Cal.2d 867, 873 [206 P.2d 355]; and *Lucas* v. *Board of Trustees* (1971) 18 Cal.App.3d 988, 991-992 [96 Cal.Rptr. 431].) Petitioner claims that he requested a public hearing and that therefore the actions taken by the governing board in executive session were invalid. (See *Huntington Beach Union High School Dist.* v. *Collins* (1962) 202 Cal.App.2d 677, 682 [21 Cal.Rptr. 56] [cert. den. (1962) 371 U.S. 904 (9 L.Ed.2d 166, 83 S.Ct. 210)].) The trial court made no finding on this issue. The record shows that although the petitioner's counsel requested an opportunity to be heard in the letter of June 22, 1971, he did not request that the hearing be made public. Thereafter, that evening the proposed decision of the hearing officer was read and discussed in executive session. The following evening the proposed decision was read aloud in executive session. The action taken consisted of providing for a special public hearing to take formal action on the report, after notice to petitioner, and the disposition of the requests contained in petitioner's attorney's letter. The adoption of the proposed decision of the hearing officer, the determination of the sufficiency of the cause, and the decision not to rehire petitioner were all effected in the subsequent public meeting on June 25, 1971.

It is questionable whether there was any violation of the Brown Act. Moreover, the prejudice, if any, to the petitioner by the actions which the board took on procedural matters in executive session has been examined (part I), and found to be not of sufficient merit to warrant setting aside the final action of the board. (See *Huntington Beach Union High School Dist.* v. *Collins, supra,* 202 Cal.App.2d 677, 682.) Finally, it

may be observed that an action taken in violation of the Brown Act is not void, it merely subjects the members of the governing body to criminal penalties. (*Stribling* v. *Mailliard* (1970) 6 Cal.App.3d 470, 474-475 [85 Cal.Rptr. 924], and cases therein cited.)

V

■ In his petition for writ of mandamus petitioner alleged, "The actual reason petitioner was fired was the unwillingness of his department chairman to fairly apportion the difficult remedial reading courses taught by petitioner among the staff of the English Department."

In the findings contained in the proposed decision, as approved by the board in its entirety, the hearing officer reported that the petitioner's evidence established the following facts: "4. At the time respondent was first hired by the City of Santa Rosa High School District, he was advised that the position offered him was for a teacher with experience in handling remedial classes. Respondent avers, however, that he was also advised that it was district policy to move teachers into courses where they had a special interest, would be happiest and would gain the greatest success. [¶] 5. During respondent's first two years of teaching for said district, 60% of his classes were of the remedial type. Prior to the start of the 1970-71 school year, respondent advised his department chairman of his desire to 'move up' from the remedial type classes. Respondent also advised that handling three remedial classes was a tremendous emotional strain and drain on his energies. Respondent contends that his department chairman expressed an unfavorable reaction to his request and that he reiterated to respondent that respondent had been hired to teach remedial classes. Respondent, however, at the beginning of the 1970-71 school year was reassigned to two intermediate and three regular sophomore English classes."

The foregoing facts fail to sustain petitioner's assertion that neither the board of education nor the trial court made a fair determination, or any determination at all, of his contention that the true reason for his firing stemmed from his complaints concerning the fair distribution of the more difficult classes among his colleagues in the English department. In the absence of a transcript of the proceedings (see part II above) it cannot even be determined whether the issue was raised before the hearing officer, other than as stated above in his proposed decision.

Petitioner seeks shelter under the umbrella furnished by *Bekiaris* v. *Board of Education, supra,* 6 Cal.3d 575. There the court concluded: "To

recapitulate, we hold that when a probationary teacher demands a hearing relative to his impending dismissal pursuant to section 13443 and seeks at that administrative hearing to present evidence tending to show that he was dismissed not for reasons stated in the accusation but for the exercise of constitutional rights, that evidence must be received substantively and findings must be made concerning it. If it is found by the board that the reason for dismissal *was not* the causes stated in the accusation but rather *was* official dissatisfaction with the teacher's exercise of constitutional rights, the board should order reinstatement unless it further determines that the consequent limitation on these rights is justified by a compelling public interest. If the board finds that the reason for dismissal *was* the causes stated in the accusation and *was not* official dissatisfaction with the teacher's exercise of constitutional rights, it should enter a finding to that effect. If the board finds that the reason for dismissal was *both* the causes stated in the accusation *and* official dissatisfaction with the teacher's exercise of constitutional rights, it should make a finding to that effect and further should determine whether, absent the exercise of constitutional rights, it would dismiss the teacher." (6 Cal.3d at pp. 592-593. See also *Lindros* v. *Governing Bd. of the Torrance Unified School Dist., supra,* 9 Cal.3d 524, 538-540.) The finding that the department chairman expressed an unfavorable reaction to the petitioner's request to move up from the remedial type classes falls far short of tending to establish that petitioner was dismissed for the exercise of his constitutional rights, or for reasons other than the causes found to be true by the hearing officer. (See part VI below.) In the absence of any record it cannot be inferred that there was other evidence to sustain such a defense. (See *Feist* v. *Rowe, supra,* 3 Cal.App.3d 404, 410-413.) The facts as found may fit into the cause for dismissal noted, albeit reluctantly, in *Raney* v. *Board of Trustees* (1966) 239 Cal.App.2d 256 [48 Cal.Rptr. 555], as follows: ". . . some of the students and faculty and the school community believed that he was a contentious person, and that such belief tended to reduce his effectiveness as a teacher." (239 Cal.App.2d at pp. 259-260.)

VI

In the absence of a transcript of the record before the hearing officer petitioner was not entitled to, and the trial court was not required to, conduct a review of the evidence. It is unnecessary, therefore, to determine whether judicial review of the factual basis of the cause for dismissal is governed by the substantial evidence rule (see *Bekiaris* v. *Board of Education, supra,* 6 Cal.3d 575, 589), or requires the exercise of independent judgment on the evidence. (See *Strumsky* v. *San Diego*

*County Employees Retirement Assn., supra,* 11 Cal.3d 28, 32; and *Young v. Governing Board, supra,* 40 Cal.App.3d 769, 780.) Under this circumstance petitioner is relegated to the assertion that the decision of the board is not sustained by the findings of the hearing officer. He relies upon *Oakland Unified Sch. Dist.* v. *Olicker* (1972) 25 Cal.App.3d 1098 [102 Cal.Rptr. 421] and *Blake* v. *State Personnel Board* (1972) 25 Cal.App.3d 541 [102 Cal.Rptr. 50]. In the latter case the court observed: "In determining whether the misconduct warranted dismissal, consideration should be given to the circumstances surrounding the misbehavior, the degree to which it affected the public service and the likelihood of its recurrence." (25 Cal.App.3d at pp. 553-554.) Each of those cases involved a dismissal of an employee for cause, and they cannot be deemed controlling with respect to the decision to refuse to rehire a probationary employee. In fact in the former case the concurring opinion pointed out the distinction between dismissal for cause and the termination of the employment of a probationary teacher at the end of the school year (25 Cal.3d at p. 1113).

In *Griggs* v. *Board of Trustees, supra,* in reversing a judgment which had ordered the reinstatement of a probationary teacher, the court enunciated, as pertinent to this case, the following rule: ". . . where there is evidence to support the board's findings of fact and where the cause for dismissal found by the board can reasonably be said to relate to the 'welfare of the schools and the pupils thereof,' the reviewing court may not consider whether the facts found are sufficiently serious to justify dismissal." (61 Cal.2d at p. 96. See also *Lindros* v. *Governing Bd. of the Torrance Unified School Dist., supra,* 9 Cal.3d 524, 532-534; *Bekiaris* v. *Board of Education, supra,* 6 Cal.3d 575, 586-587 and 589; *Feist* v. *Rowe, supra,* 3 Cal.App.3d 404, 426; *McGlone* v. *Mt. Diablo Unified Sch. Dist., supra,* 3 Cal.App.3d 17, 21-22; *American Federation of Teachers* v. *San Lorenzo etc. Sch. Dist., supra,* 276 Cal.App.2d 132, 135-136; and *Raney* v. *Board of Trustees, supra,* 239 Cal.App.2d 256, 258-259.) The dissent in *Lindros* suggests that the majority of the court "have wholly emasculated the provisions of section 13443, subdivision (d), of the Education Code which, until now, assured that a local school board's decision as to the sufficiency of the cause for failing to reemploy a probationary teacher was *conclusive* and free from judicial interference." (9 Cal.3d at p. 541. See also *The Supreme Court of California 1972-1973, supra,* 62 Cal.L.Rev. 408, 576-604.) Nevertheless, the statute and the rule laid down in *Griggs* have not been overruled. The findings must therefore be examined to determine whether they set forth causes relating solely to the welfare of the schools and the pupils thereof.

The hearing officer found that it was established by a preponderance of the evidence, "[¶] VI . . . that [petitioner's] classroom activities regarding students have been poorly organized and have lacked adequate preparation and planning, which [petitioner's] superiors have observed has often resulted in 'dull and boring' English classes. [¶] VII . . . that [petitioner] has been unsuccessful in generating interest and enthusiasm among his students which failing has been due in part to the employment by [petitioner] of a limited variety of instructional techniques. [¶] VIII . . . that [petitioner's] classes have been noisy and disruptive and that [petitioner] has not been able to establish consistent standards of behavior for his classes which failing has resulted in a substandard learning environment. [¶] IX . . . that on numerous occasions [petitioner's] attention has been drawn to the types of matters described in findings VI, VII and VIII above but that [petitioner] has not been able to accept or implement suggestions made to him by his superiors for the purpose of improving his performance in the classroom," and "[¶] XI . . . that [petitioner] has failed to follow established procedures within his department and within his school regarding certain practices and which in some instances as set forth hereinbelow deprived other teachers of the use of equipment and materials for their classes: . . ." There follows four separate incidents involving a reading test, sending his class to the library, failing to sign out for equipment, and a failure to return certain educational material. Petitioner's offered explanation for these incidents were incorporated into the findings. The hearing officer, who sustained all but one of the charges contained in the accusation, found as to that charge, "[¶] X It is not true that [petitioner] failed to follow a recommendation to observe and visit the classes of [three other teachers]. [Petitioner] established that he did so visit and observe the classes of each of the teachers named hereinabove."

The proposed decision recites, "The charges sustained by the evidence are related to the welfare of the school and the pupils thereof." The board by adopting the proposed decision, also so found; and the trial court, after reviewing the record of the proceedings before it, found, "The charges which the hearing officer found to be supported by the evidence related to the welfare of the schools and the pupils thereof." An examination of the findings set forth above compels the same conclusion by this court. (See *Griggs* v. *Board of Trustees, supra,* 61 Cal.2d 93, 96-97; *Feist* v. *Rowe, supra,* 3 Cal.App.3d 404, 424-426; *McGlone* v. *Mt. Diablo Unified Sch. Dist., supra,* 3 Cal.App.3d 17, 20-22; *American Federation of Teachers* v. *San Lorenzo etc. Sch. Dist., supra,* 276 Cal.App.2d 132, 135-136; and *Raney* v. *Board of Trustees, supra,* 239 Cal.App.2d 256, 257-258.)

The proposed decision of the hearing officer, in addition to reciting petitioner's explanation of his admitted failure to follow established procedures on four occasions, as related above, also contained other findings concerning evidence produced by the petitioner to show his age, his experience as a teacher, opportunities he surrendered to come to the instant school district, the matters in the findings reviewed in part V of this opinion, petitioner's observations as his own educational philosophy, his explanation of why he did not always silence his pupils, testimony of students as to their learning experience with petitioner, and the favorable evaluation of petitioner by other educators. The hearing officer recited that these matters were also relevant to the welfare of the school and the pupils thereof. In his petition for writ of mandate petitioner alleged that the findings as a whole "were inconsistent, contradictory and ambiguous on the vital issues concerning petitioner's teaching ability and performance"; and that there "is no basis in the findings for determination of sufficient cause for not rehiring petitioner for the ensuing school year or for failing to grant petitioner terms [*sic* "tenure"]."

Under the principles set forth above, it having been determined that the charges which were established "relate solely to the welfare of the schools and the pupils thereof," there is no authority to review the determination of the board that those causes, in the light of all the findings before them, were sufficient for dismissal of the probationary teacher. In any event the trial court found, "The findings of the hearing officer are not inconsistent, contradictory or ambiguous and are sufficient to support the proposed decision." This judicial finding is sustained by the record. Even if this court was not foreclosed from reviewing the sufficiency of the established relevant causes to warrant dismissal, it would conclude that the mitigating and explanatory circumstances related in the findings do not demonstrate as a matter of law that the governing board abused its discretion in determining that petitioner, as a probationary employee, should not be reemployed for 1971-1972, the ensuing school year.

The judgment is affirmed.

Molinari, P. J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 4, 1975.