[Civ. No. 12830. Third Dist. June 3, 1971.]

DOROTHY CARLSON, Plaintiff and Respondent, v.
PARADISE UNIFIED SCHOOL DISTRICT,
Defendant and Appellant.

## COUNSEL

Daniel V. Blackstock, County Counsel, and Neil H. McCabe, Deputy County Counsel, for Defendant and Appellant.

Norris M. Goodwin for Plaintiff and Respondent.

## OPINION

**REGAN, J.**—Plaintiff sought to enjoin defendant, the governing board of the Paradise Unified School District, from implementing its decision to discontinue elementary education at the Canyon View School in Magalia, California. After several hearings, the trial court granted a preliminary

injunction restraining defendant from taking such action. Defendant's appeal is from the order granting the preliminary injunction.

Defendant states the issue is "whether the governing board of a school district may lawfully take action at a regular, public meeting only on items specifically listed on the agenda posted in advance for that meeting."

## STATEMENT OF FACTS

On April 8, 1970, a copy of the agenda for the regular meeting of the governing board of the Paradise Unified School District to be held on April 13, 1970, was posted at the Paradise Unified School District office where parents, teachers and the general public could view it, and it remained so posted until after the meeting had been held. The agenda contained, among other things, 13 items listed under the heading "New Business." Item No. 7 under this heading was "Continuation school site change." The agenda did not designate the site to which the continuation school was to be changed, nor did it indicate that consideration was to be given to discontinuing elementary education at the Canyon View School.

The meeting held on April 13, 1970, was the regular monthly meeting of the governing board and all members were present.

The governing board took action at the meeting on April 13, 1970, under the agenda item "Continuation school site change" to change the location of the district's continuation high school from the site where it was then located to the Canyon View School in Magalia, to discontinue elementary school education at the Canyon View School as of September 1970, and to transfer the Canyon View School elementary students to another school in the district as of September 1970. The action was taken at an open, public session during the meeting.

Plaintiff attempted unsuccessfully at subsequent meetings of the governing board to persuade the board to rescind its action discontinuing elementary education at Canyon View. Plaintiff also attempted unsuccessfully to file a petition pursuant to Education Code section 3106 to prevent the discontinuation of the elementary education at Canyon View School.

Issuance of preliminary injunction by the court was based solely upon the court's conclusion of law that the agenda-posting requirements of Education Code section 966 were mandatory and had not been complied with by defendant.

It was agreed by the parties that the salient question of law before the trial court was whether the agenda-posting requirements of Education Code section 966 were mandatory or directory.

■ First, defendant contends the trial court's conclusion that the agenda-posting requirements of Education Code section 966 are mandatory is erroneous as a matter of law, and therefore the trial court abused its discretion in granting a preliminary injunction. Secondly, defendant contends that it complied with the provisions of section 966. We think the defendant is wrong on both counts.

Section 966 of the Education Code provides, in pertinent part, as follows: "[A]ll meetings of the governing board of any school district shall be open to the public, and all actions authorized or required by law of the governing board shall be taken at such meetings and shall be subject to the following requirements:

". . . . . . . . . . . . . . . . . .

"(b) A list of items that will constitute the agenda for all regular meetings shall be posted at a place where parents and teachers may view the same at least 48 hours prior to the time of said regular meeting . . . ."

The gist of defendant's argument can be summarized as follows: The word "shall" as contained in the code section does not necessarily make the statute mandatory. The section, construed as a whole and lacking precise legislative intent, is not mandatory. The failure to list a certain item on the agenda does not deprive the board of jurisdiction to act on such a matter. Any other conclusion would subject actions of school district boards to collateral attack since it would make such actions void, contrary to the public policy favoring the finality of official acts. In any event, the defendant complied with the provisions of the section.

There has been a long and vigorous battle fought against secrecy in government. (See, e.g., Gov. Code, § 54950 et seq.; *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs.* (1968) 263 Cal.App.2d 41, 49-50 [69 Cal.Rptr. 480]; see also 37 State Bar J. 540.) ■ It is now the rule that local governing bodies, elected by the people, exist to aid in the conduct of the people's business, and thus their deliberations should be conducted openly and with due notice with a few exceptions not applicable here. (See Gov. Code, § 54950 et seq.; cf. 3 Witkin, Summary of Cal. Law (1960) Constitutional Law, § 116, p. 1919; 70 Ops. Cal.Atty.Gen. 113.) ■ The process of the education of our children is properly a matter of public concern. (See *Brown* v. *Board of Ed. of Topeka* (1955) 349 U.S. 294 [99 L.Ed. 1083, 75 S.Ct. 753]; see also *Robinson* v. *Sacramento City etc. Sch. Dist.* (1966) 245 Cal.App.2d 278 [53 Cal.Rptr. 781].)

We think the legislative intent of section 966 of the Education Code is to make the notice requirement mandatory. Decisions of local gov-

erning bodies of school districts may directly affect parents and teachers alike, as well as the students themselves. Thus, it is imperative that the agenda of the board's business be made public and in some detail so that the general public can ascertain the nature of such business. It is a well-known fact that public meetings of local governing bodies are sparsely attended by the public at large *unless* an issue vitally affecting their interests is to be heard. To alert the general public to such issues, adequate notice is a requisite. In the instant case, the school board's agenda contained as one item the language "Continuation school site change." This was entirely inadequate notice to a citizenry which may have been concerned over a school *closure*.

On this point alone, we think the trial court was correct because the agenda item, though not deceitful, was entirely misleading and inadequate to show the whole scope of the board's intended plans. It would have taken relatively little effort to add to the agenda that this "school site change" also included the discontinuance of elementary education at Canyon View and the transfer of those students to Ponderosa School.

The order is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.