TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-812 |
| of | : | |
| | : | November 14, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BARBARA ALBY, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following questions:

1. May weekend hours be counted as part of the required 72-hour period for the posting of an agenda prior to the regular meeting of the legislative body of a local agency?

2. Would the posting of an agenda for a regular meeting of the legislative body of a local agency for 72 hours in a public building that is locked during the evening hours satisfy the statutory requirements for posting the agenda?

CONCLUSIONS

1. Weekend hours may be counted as part of the 72-hour period for the posting of an agenda prior to the regular meeting of the legislative body of a local agency.

2. The posting of an agenda for a regular meeting of the legislative body of a local agency for 72 hours in a public building that is locked during the evening hours would not satisfy the statutory requirements for posting the agenda.

ANALYSIS

The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; hereafter "Act")[1] generally requires all meetings of "legislative bodies" of "local agencies" to be open to the public. (§ 54962; see 78 Ops.Cal.Atty.Gen. 218 (1995); 76 Cal.Atty.Gen. 289 (1993); 75 Ops.Cal.Atty.Gen. 89 (1992).) With certain exceptions, no action or discussion may be undertaken by the legislative body on any item not appearing on the posted agenda.[2] Section 54954.2, subdivision (a) states:

"*At least 72 hours before a regular meeting*, the legislative body of the local agency, or its designee, shall post an agenda containing a brief general description of each item of business to be transacted or discussed at the meeting, including items to be discussed in closed session. A brief general description of an item need not exceed 20 words. *The agenda* shall specify the time and location of the regular meeting and *shall be posted in a location that is freely accessible to members of the public*.

"No action or discussion shall be undertaken on any item not appearing on the posted agenda . . . ." (Italics added.)[3]

The questions presented for analysis concern the foregoing italicized language of section 54954.2. First, may weekend hours be counted as part of the 72-hour period during which the agenda must be posted? Second, does posting the agenda in a public building that is locked at night meet the requirement that the agenda be posted in a location that is "freely accessible"?

In answering these questions, we construe the provisions of section 54954.2 in light of the controlling purposes of the Act. Section 54950 states:

"In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid

---

[1] All section references hereafter to the Government Code are by section number only.

[2] "Special meetings" of the legislative body are treated separately in section 54956, which requires that notice thereof "shall be posted at least 24 hours prior to the special meeting in a location that is freely accessible to members of the public."

[3] While there are various exceptions to the agenda posting requirement, an action taken by the legislative body of a local agency in violation of section 54954.2 is null and void. (§ 54960.1, subd. (a).) The legislative body must be given an opportunity to cure or correct an action alleged to have been taken in violation of section 54954.2 before judicial relief may be obtained. (§ 54960.1, subd. (b).) An action taken which is in substantial compliance with section 54954.2 or meets certain other criteria will not be deemed null and void. (§ 54960.1, subd. (d).)

It should also be noted that "[e]ach member of a legislative body who attends a meeting of that legislative body where action is taken in violation of any provision of this chapter, and where the member intends to deprive the public of information to which the member knows or has reason to know the public is entitled under this chapter, is guilty of a misdemeanor." (§ 54959.)

in the conduct of the people's business.  It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.

"The people of this State do not yield their sovereignty to the agencies which serve them.  The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know.  The people insist on remaining informed so that they may retain control over the instruments they have created."

In *Carlson* v. *Paradise Unified Sch. Dist.* (1971) 18 Cal.App.3d 196, 199, the court observed:

"There has been a long and vigorous battle fought against secrecy in government.  [Citations.]  It is now the rule that local governing bodies, elected by the people, exist to aid in the conduct of the people's business, and thus their deliberations should be conducted openly and with due notice with . . . few exceptions . . . . [Citations.]"

This rule was strengthened in 1986 with the enactment of section 54954.2.  (Stats. 1986, ch. 641, § 5.) As explained in *Frazer* v. *Dixon Unified Sch. Dist.* (1993) 18 Cal.App.4th 781, 790:

"[W]hat the Legislature accomplished by those amendments (Stats. 1986, ch. 641, §§ 5-6, pp. 2157-2158) was to codify certain judicially and locally created requirements relating to the posting of and adherence to an agenda - requirements that had been applicable to school boards since 1978 - to make those requirements more uniform and generally applicable to all regular meetings of the `legislative body' of all local agencies governed by the Brown Act.   [Citations.]"

In 1991 the Legislature enacted section 54954.4, declaring in subdivision (c):

"The Legislature hereby finds and declares that complete, faithful, and uninterrupted compliance with the [Act] is a matter of overriding public importance. Unless specifically stated, no future Budget Act, or related budget enactments, shall in any manner, be interpreted to suspend, eliminate, or otherwise modify the legal obligation and duty of local agencies to fully comply with Chapter 641 of the Statutes of 1986 in a complete, faithful, and uninterrupted manner."

Thus, the Legislature has repeatedly emphasized the need for legislative bodies of local government agencies to keep the public informed as to "the conduct of the people's business."

1.      Posting the Agenda for 72 Hours

The Legislature has determined that 72 hours is a sufficient length of time for the posting of the agenda for a regular meeting of the legislative body of a local agency.  (§ 54954.2, subd. (a).)  This 72-hour period is not qualified or limited by any other statutory language; it is not expressly restricted to weekdays or working hours.  Terms of limitation, such as "business hours," are not

contained in the statute. The posting must simply occur throughout the 72-hour period immediately preceding a regular meeting of the legislative body. (See *Santa Barbara Sch. Dist.* v. *Superior Court* (1975) 13 Cal.3d 315, 335 [Education Code section 966 requirement that school board post an agenda 48 hours prior to a regular meeting construed as applying to 48-hour period immediately preceding that meeting].)

"When the language of a statute is clear, its plain meaning should be followed, without reading unspecified restrictions into it, unless to do so would lead to an absurd result." (*In Re Aaron S.* (1991) 228 Cal.App.3d 202, 208.) Including weekend hours within the 72-hour posting period would not lead to an absurd result or inadequate notice.[4]

We conclude that the plain meaning of section 54954.2, subdivision (a) is to be followed. Each of the 72 hours immediately preceding the regular meeting, regardless of whether any of the hours may fall on a weekend, is part of the requisite posting period. A contrary conclusion would invite confusion and uncertainty which the Legislature sought to avoid when it codified the agenda requirements. (See *Frazer* v. *Dixon Unified Sch. Dist., supra*, 18 Cal.App.4th at 790.)

2.     Posting the Agenda in a Freely Accessible Place

Turning to the second question presented, we observe that public buildings in which government notices are typically posted may not be open 24 hours a day. Such buildings are routinely locked during evening hours. What is the obligation of a local agency with respect to choosing the location for the posting of an agenda as mandated by section 54954.2?

Section 54954.2, subdivision (a) requires that the posting occur in a location that is "freely accessible" to members of the public. "Accessible" may commonly be defined as "capable of being reached . . . capable of being . . . seen . . . ." (Webster's Third New Internat. Dict. (1971) p. 11.) "Freely" in this context may reasonably be defined as "without  hindrance." (*Id*., at p. 906.) Obviously, locked doors would provide a "hindrance" to the agenda being "seen" during the 72-hour period. If an agenda cannot be viewed where it is posted, the purpose of section 54954.2's posting requirement would be frustrated.

"A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387.) "In construing a statute the court will consider the purpose of the law and adopt a construction which will further that purpose." (*Robinson* v. *Fair Employment and Housing Com'n* (1992) 2 Cal.4th 226, 234.) "Consistent with the intent of the Legislature, a statute should be accorded a reasonable and common sense interpretation avoiding absurd or impractical results." (*Dakin* v. *Department of Forestry & Fire Protection* (1993) 17 Cal.App.4th 681, 686.)

As previously noted herein, the Act's central purpose is to promote openness in government. The Legislature has made it clear that it considers "complete, faithful and uninterrupted

---

[4]     This is particularly true in light of the conclusion we reach in response to the second question.

compliance" with the Act to be a matter of overriding public importance.  (§§ 54950, 54954.4, subd. (c).)  Given this strong expression of legislative intent and the fact that adequate notice to the public is critical in attaining the full benefits of the Act's provisions, we find that the "freely accessible" requirement is to be strictly interpreted.  Not only must the agenda be posted for at least the full 72 hours immediately preceding the meeting, it must be posted in a location that is freely accessible throughout that period.[5]  In short, the notice must be posted in a location where it can be read by the public *at any time* during the 72 hours immediately preceding the meeting.  Members of the public cannot be expected to have full opportunity to learn of agenda items of interest if the place where the agenda is posted is inaccessible to them during any portion of the required 72-hour period.

We conclude that the posting of an agenda for a regular meeting of the legislative body of a local agency for 72 hours in a public building that is locked during the evening hours would not satisfy the statutory requirements for posting the agenda.  Such resolution most closely comports with the intent of the Legislature, affords uniformity of application, and does not work an undue hardship on the local agency.

\* \* \* \* \*

---

[5]For example, if the building in question is closed during the evening hours, the agenda may be posted on the outside of the building in a lighted display case if necessary.